OPINION
{¶ 1} Appellant Lisa L. Day appeals from her divorce in the Ashland County Court of Common Pleas, Domestic Relations Division. Appellee Billy G. Day is appellant's former spouse. The relevant facts leading to this appeal are as follows.
 {¶ 2} The parties were married on September 24, 1994. Two children were born of the marriage. On November 13, 2002, appellant filed a complaint for divorce. The matter proceeded to a two-day trial on the primary issues of allocation of parental rights and the division of marital property. The court simultaneously heard appellee's motion for contempt regarding the allowance of visitation under the temporary orders.
 {¶ 3} The magistrate issued his decision recommending divorce on June 7, 2004, which, inter alia, granted custody of the parties' two children to appellant. Appellant thereafter filed a six-part objection to the decision of the magistrate, which the trial court overruled in toto via a judgment entry on September 16, 2004.
 {¶ 4} On October 15, 2004, appellant filed a notice of appeal. She herein raises the following four Assignments of Error:
 {¶ 5} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY FAILING TO DIVIDE THE PARTIES' ASSETS IN AN EQUITABLE FASHION.
 {¶ 6} "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY PLACING A RESTRICTION ON HER SMOKING IN THE PRESENCE OF THE MINOR CHILDREN AND/OR EXPOSING THE CHILDREN TO SECOND HAND SMOKE.
 {¶ 7} "III. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY ORDERING APPELLANT TO PAY APPELLEE'S ATTORNEY FEES ASSOCIATED WITH HIS CONTEMPT MOTION FILED HEREIN AND HEARD AT THE SAME TIME AS THE DIVORCE ACTION.
 {¶ 8} "IV. THE JUDGMENT ORDER OF THE COURT AS IT PERTAINS TO PROPERTY DIVISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I., IV. {¶ 9} In her First and Fourth Assignments of Error, appellant argues the trial court's division of property was inequitable and against the manifest weight of the evidence. We agree.
 {¶ 10} An appellate court generally reviews the overall appropriateness of the trial court's property division in divorce proceedings under an abuse of discretion standard. Cherry v. Cherry
(1981), 66 Ohio St.2d 348, 421 N.E.2d 1293. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,450 N.E.2d 1140. R.C. 3105.171 explains a trial court's obligation when dividing marital property in divorce proceedings as follows: "(C)(1) Except as provided in this division or division (E)(1) of this section, the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. In making a division of marital property, the court shall consider all relevant factors, including those set forth in division (F) of this section." See alsoCherry, supra, at 355, 421 N.E.2d 1293. On appellate review, the trial court's property division should be viewed as a whole in determining whether it has achieved an equitable and fair division of marital assets. Briganti v. Briganti (1984), 9 Ohio St.3d 220, 222, 459 N.E.2d 896.
 {¶ 11} R.C. 3105.171(F) reads as follows:
 {¶ 12} "In making a division of marital property and in determining whether to make and the amount of any distributive award under this section, the court shall consider all of the following factors:
 {¶ 13} "(1) The duration of the marriage;
 {¶ 14} "(2) The assets and liabilities of the spouses;
 {¶ 15} "(3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage;
 {¶ 16} "(4) The liquidity of the property to be distributed;
 {¶ 17} "(5) The economic desirability of retaining intact an asset or an interest in an asset;
 {¶ 18} "(6) The tax consequences of the property division upon the respective awards to be made to each spouse;
 {¶ 19} "(7) The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property;
 {¶ 20} "(8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses;
 {¶ 21} "(9) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 22} In addition to a lengthy allocation of personal property, such as jewelry and furniture, which we will not herein recite, the record in the case sub judice reveals the following significant marital property breakdown: Appellant-Wife was awarded her STRS ($14,268) and TIAA-CREF ($1,228) retirement accounts, the parties' 2000 Dodge Neon ($11,132 less a loan balance of $9,607), and a collection of Longaberger baskets ($11,987); Appellee-Husband was awarded his Shiloh Industries 401(K) ($18,447) and Pension ($16,553), his B.B. King guitar ($1,100), a 1990 Chevrolet Lumina ($500 less a loan balance of $2,000), and responsibility for a $3,100 debt to Alvin Jewelers. In addition, and what appellant particularly challenges, the trial court allocated to appellant her Sallie Mae student loans totaling $52,200. The overall allocation resulted in a total net distribution of $38,726.26 to appellee and a negative balance of -$17,602.05 to appellant. The magistrate additionally directed a distributive award of $3,827.82 from appellee to appellant, and further ruled as follows:
 {¶ 23} "The Magistrate FINDS and DETERMINES that an unequal division of marital property and debt in the amount of $52,200.49 (the full amount of the plaintiff's student loan debt) is just and equitable because the defendant has not received any real benefit from the investment in the plaintiff's education, nor the plaintiff's resulting increased earning capacity, even though the student loan debt was incurred during the parties' marriage. Since plaintiff has been the only real beneficiary of the increased earning capacity associated with her degree work (the earning capacity associated with that degree being an intangible marital asset that does not carry any assigned value in the above table), she should also bear the cost associated with the acquisition of the intangible asset and its considerable economic benefit. This unequal division is further equitable, in light of the Magistrate's determination not to grant the defendant an award of spousal support. Aside from assessing the entire balance of the outstanding student loans to plaintiff, the division of marital property and debt, after application of this distributive award, is otherwise equal." Magistrate's Decision at 17-18.
 {¶ 24} R.C. 3105.171(C)(3) mandates that "[t]he court shall provide for an equitable division of marital property under this section prior to making any award of spousal support to either spouse under section 3105.18
of the Revised Code and without regard to any spousal support soawarded." (Emphasis added). See, also, Jendrusik v. Jendrusik, Belmont App. No. 00BA54, 2001-Ohio-3377; R.C. 3105.18(B). In the case sub judice, the trial court nonetheless partly attempted to rationalize, in contravention of the aforesaid statute, the assignment of the student loan debt to appellant by foregoing an award of spousal support to appellee. Furthermore, the court concluded that even though the student loans were taken out during the marriage, appellee had not received "any real benefit" from these educational expenses. The record indicates appellant earned two degrees at Ashland University during the marriage: a bachelor's and a master's. The bachelor's degree was obtained in June 1999, and appellant thereafter held more lucrative jobs at the university itself, Crawford High School, and Keystone Local Schools prior to the filing of the divorce complaint in November 2002. Additionally, appellant testified that the student loan monies were partially used for transportation expenses during appellant's clinicals, and for the family's day care expenses, in addition to paying for tuition. Tr. at 89. We thus find the court's conclusion that appellee derived no real benefit from appellant-wife's education expenditures to be unreasonable and unsupported in the record. In light of the aforesaid facts and the mandate of R.C. 3105.171(C)(3), upon review of the record, we conclude the trial court abused its discretion in its allocation of marital property and marital debt. The issues of property division and spousal support will be remanded for further proceedings in accordance with the aforesaid analysis.
 {¶ 25} Accordingly, appellant's First and Fourth Assignments of Error are sustained.
 II. {¶ 26} In her Second Assignment of Error, appellant argues the trial court erred in placing restrictions on the children's exposure to cigarette smoke. We disagree.
 {¶ 27} The challenged provision is as follows: "Lisa L. Day-Carter shall not smoke in the presence of the children, or otherwise expose them to second-hand smoke." Magistrate's Decision at 3. Appellant herein seems to mount a constitutional challenge to the trial court's order banning appellant from exposing the children to cigarette smoke, but her brief fails to develop a cognizable legal theory in support. We note R.C.3109.04(F)(1)(e) requires a court to consider "[t]he mental and physical health of all persons involved in the situation" in making a best-interest determination. Furthermore, "[a]n avalanche of authoritative scientific studies * * * is clear and convincing evidence that secondhand smoke constitutes a real and substantial danger to children because it causes and aggravates serious diseases in children, which danger is both a `relevant factor' and a `physical health factor' that a family court is mandated to consider under the statute." In reJulie Anne, 121 Ohio Misc.2d 20, 43, 2002-Ohio-4489. See, also, Unger v.Unger (1994), 274 N.J. Super. 532, 538, 644 A.2d 691 (holding that "* * * the fact that a parent smokes cigarettes is a permissible parental habit to consider when determining what is in the best interests of the children because it may affect their health and safety.") The Ohio Supreme Court has additionally recognized that "* * * the Surgeon General, as well as other health agencies, has concluded that secondhand smoke impairs the respiratory health of thousands of young children."D.A.B.E., Inc. v. Toledo-Lucas Cty. Bd. of Health, 96 Ohio St.3d 250, 263,2002-Ohio-4172.
 {¶ 28} Decisions on child custody and visitation lie within the trial court's sound discretion. Bechtol v. Bechtol (1990), 49 Ohio St.3d 21,550 N.E.2d 178; Trickey v. Trickey (1952), 158 Ohio St. 9, 106 N.E.2d 772. Upon review of the record, we are unpersuaded the trial court abused its discretion in crafting a provision to protect the parties' children from secondhand smoke. We state this holding with the understanding that the trial court will reasonably interpret this provision to avoid frivolous contempt proceedings for inadvertent exposure to public secondhand smoke.
 {¶ 29} Accordingly, appellant's Second Assignment of Error is overruled.
 III. {¶ 30} In her Third Assignment of Error, appellant contends the trial court erred in awarding appellee attorney fees connected with his contempt motion. We disagree.
 {¶ 31} An award of attorney fees lies within the sound discretion of the trial court. Rand v. Rand (1985), 18 Ohio St.3d 356, 359,481 N.E.2d 609. In contempt actions in domestic relations cases, a trial court may award attorney fees in the absence of supporting evidence when the amount of work and time spent on such a case is apparent. Labriolav. Labriola (Nov. 5, 2001), Stark App. No. 2001CA00081, unreported, citing Wilder v. Wilder (Sept. 7, 1995), Franklin App. No. 94AAPE12-1810. In the case sub judice, although appellee was awarded scheduled parenting time, evidence was presented showing appellant repeatedly sought to prevent appellee from exercising his rights under the court's prior orders. Based on our review of the record and the procedural history of the matter sub judice, we find no error or abuse of discretion in the court's award of contempt-related attorney fees to appellee in the amount of $350.
 {¶ 32} Appellant's Third Assignment of Error is therefore overruled.
 {¶ 33} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Ashland County, Ohio, is affirmed in part and reversed in part.
Wise, J., Boggins, P.J., and Gwin, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Ashland County, Ohio, is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
Costs to be split evenly between appellant and appellee.