[Cite as *Passyalia v. Moneir*, 2017-Ohio-7033.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| DOAA ALDO PASSYALIA | JUDGES: |
| | Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J. |
| | Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 2016 CA 00182 |
| TAREK M. MONEIR | |
| Defendant-Appellant | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 2015 DR 00693 |
| JUDGMENT: | Affirmed in Part; Reversed in Part and Remanded |
| DATE OF JUDGMENT ENTRY: | July 31, 2017 |


APPEARANCES:

| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| LORRIE E. FUCHS | JOHN E. MYERS |
| 3974 Wales Avenue, NW | 101 Central Plaza South |
| Massillon, Ohio 44646 | 200 Chase Tower |
| | Canton, Ohio 44702 |
| | CHRISTOPHER S. COLERIDGE |
| | 101 Central Plaza South |
| | 500 Chase Tower |
| | Canton, Ohio 44702 |

*Wise, John, J.*

{¶1}   Appellant (former husband) Tarek M. Moneir appeals from his divorce in the Stark County Stark County Court of Common Pleas, Domestic Relations Division. Appellee (former wife) is Doaa Aldo Passyalia. The relevant facts leading to this appeal are as follows.

{¶2}   The parties were married in Egypt in April 1986. Two children were born as issue of the marriage, both of whom are now emancipated adults. In 2006, appellant obtained employment in county government in Virginia, and the parties separated. Appellee remained with the parties' children in North Canton, Ohio. During the ten-year separation, appellant paid the mortgage, taxes, insurance, and utilities for the North Canton residence occupied by appellee and the children.

{¶3}   On July 15, 2015, Appellee Doaa filed a complaint for divorce. Appellant Tarek filed an answer and a counterclaim for divorce on September 12, 2015. The case proceeded to a trial to the court on August 9, 2016 and September 2, 2016.

{¶4}   On September 12, 2016, the trial court issued a final decree of divorce, including orders regarding property division and spousal support, as further detailed *infra*.[1]

{¶5}   On October 6, 2016, appellant filed a notice of appeal. He herein raises the following two Assignments of Error:

---

[1] We note the trial court found the termination date of the marriage to be the last day of the trial. *See* Decree at 7.

{¶6} "I. THE TRIAL COURT'S DIVISION OF PROPERTY WAS INEQUITABLE, AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AND AN ABUSE OF DISCRETION.

{¶7} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING SPOUSAL SUPPORT BEFORE FIRST MAKING AN EQUITABLE DIVISION OF PROPERTY."

I.

{¶8} In his First Assignment of Error, appellant contends the trial court abused its discretion in characterizing or awarding certain marital assets and debts, resulting in an inequitable division of property. We agree in part and disagree in part.

*Standards of Review*

{¶9} As an appellate court, we generally review the overall appropriateness of the trial court's property division in divorce proceedings under an abuse of discretion standard. *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 421 N.E.2d 1293. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. Furthermore, as an appellate court, we are not the trier of fact. Our role is to determine whether there is relevant, competent, and credible evidence upon which the fact-finder could base his or her judgment. *Tennant v. Martin–Auer,* 188 Ohio App.3d 768, 2010-Ohio-3489, ¶ 16, citing *Cross Truck Equip. Co. v. Joseph A. Jeffries Co.*, 5th Dist. Stark No. CA–5758, 1982 WL 2911.

**{¶10}** In order to make an equitable division of property, the trial court should first determine the value of the marital assets. *Eisler v. Eisler* (1985), 24 Ohio App.3d 151, 152, 493 N.E.2d 975. In performing this function, the trial court has broad discretion to develop some measure of value. *Berish v. Berish* (1982), 69 Ohio St.2d 318, 432 N.E.2d 183. Thus, "[t]he valuation of marital assets is typically a factual issue that is left to the discretion of the trial court." *Roberts v. Roberts,* 10th Dist. Franklin No. 08AP–27, 2008–Ohio–6121, ¶ 18, citing *Berish, supra*.

### 2010 Toyota 4-Runner Automobile

**{¶11}** Appellant first challenges the trial court's determination of the value of the parties' 2010 Toyota 4-Runner. The court found that said vehicle, titled to appellant, had a fair market value of $17,306.00, with a lien balance of $7,628.00. Decree at 4. However, in its property distribution chart, instead of listing the net value at the mathematically expected figure of $9,678.00, the trial court set forth a value of $11,442.00. Appellant challenges this result as a math error in the amount of $1,764.00, although appellee responds that the $11,442.00 net value on the chart came about because of a fair market value of $19,070.00 culled from one of appellee's trial exhibits (*i.e.*, $19,070.00 minus the $7,628.00 lien). Appellee also urges in response that appellant's proper remedy is to seek a *nunc pro tunc* order.

**{¶12}** Upon review, we find the discrepancy between the Toyota's valuation in the findings of fact and the figure used on the property distribution chart constitutes reversible error.

*Canton Student Loan Foundation Loan*

{¶13}  Appellant next challenges the trial court's valuation of a loan balance owed on behalf of the parties' adult daughter, A. M. It appears undisputed that said loan from the Canton Student Loan Foundation was incurred by both appellant and appellee in 2005. The trial court, on its distribution chart, set forth a balance of $1,290.00 for the loan as a marital debt, which was then "awarded" to appellant.

{¶14}  A review of the record, however, indicates that exhibits from the trial showed the Canton Student balance to be $9,530.17. Furthermore, on cross-examination, appellee estimated that the balance was "in the nine thousands." Tr. II at 10. We also note that trial testimony from both parties indicated A.M. herself had taken over making the payments on the loan, and documentation produced at trial showed that the loan statements were being addressed to and mailed directly to her. Thus, it is unclear to this Court how the trial court arrived at the $1,290.00 figure.

{¶15}  Although an appellate court generally reviews a decision on property division in its entirety, rather than examining individual awards in a piece-meal fashion (*see Espenschied v. Espenschied,* 5th Dist. Tuscarawas No. 2002AP030021, 2002-Ohio-5119, ¶ 19), we find the trial court's assignment of the uncertain calculation of $1,290.00 as a marital debt to appellant for the adult daughter's 2005 student loan, originally taken out in both parents' names, also constitutes reversible error.

*U.S. Department of Education Student Loan*

**{¶16}**  Appellant lastly challenges the trial court's classification as his separate debt a United States Department of Education Student Loan, with a balance of $134,689.00, that he took out on behalf of the parties' adult daughter, A. M.[2]

**{¶17}**  The trial court found in pertinent part on this issue: "The husband took out a loan on behalf of his daughter through the Federal Government, guaranteed student loan program. This obligation was incurred after the child's emancipation and while incurred with the knowledge of the wife, she is not a co-signor of the loan. As such, this obligation is deemed to be not a marital obligation but an obligation solely incurred by the husband. ***." Decree at 5.

**{¶18}**  R.C. 3105.171(B) states in pertinent part that "[i]n divorce proceedings, the court shall *** determine what constitutes marital property and what constitutes separate property. ***." The characterization of property as marital or separate must be supported by sufficient, credible evidence. *See Chase–Carey v. Carey,* 5th Dist. Coshocton No. 99CA1, 1999 WL 770172. The party to a divorce action seeking to establish that an asset or portion of an asset is separate property, rather than marital property, has the burden of proof by a preponderance of the evidence. *Cooper v. Cooper,* 5th Dist. Licking No. 14 CA 100, 2015–Ohio–4048, ¶ 45, citing *Zeefe v. Zeefe* (1998), 125 Ohio App.3d 600, 614, 709 N.E.2d 208.

---

[2]  The execution date of this loan is unclear in the transcript. Appellant testified that he signed for the loan in 2008 (Tr. II at 97), although he later indicated it was in 2010 (Tr. II at 160). Exhibit "J", attached to appellant's brief, is a July 2016 loan invoice showing a "date disbursed" of November 17, 2014.

**{¶19}** Although Ohio's divorce statutes do not generally articulate debt as an element of marital and separate property, the rules concerning marital assets are usually applied to marital and separate debt as well. *See Vergitz v. Vergitz,* 7th Dist. Jefferson No. 05 JE 52, 2007–Ohio–1395, ¶ 12. Accordingly, appellant herein correctly recites that debts incurred during the marriage are rebuttably presumed to be marital debts. Thus, "[t]he burden is on the party seeking to have a debt classified as a separate liability to demonstrate, by a preponderance of the evidence, that such debt was the separate obligation of the other spouse." *Brady v. Brady*, 11th Dist. Portage No. 2007-P-0059, 2008-Ohio-1657, ¶ 38. Also, "[t]he mere fact that a debt is in the name of one spouse alone is not enough to establish that the debt was the spouse's separate debt." *Jenkins v. Jenkins,* 4th Dist. Lawrence No. 14CA30, 2015-Ohio-5484, ¶ 47 (additional citations omitted).

**{¶20}** Appellant cites *Altier v. Altier*, 5th Dist. Stark No. 2014CA00124, 2015-Ohio-1526, for the proposition that marital debt is any debt incurred during the marriage (1) for the joint benefit of the parties or (2) for a valid marital purpose. *See id.* at ¶ 20, citing *Ketchum v. Ketchum,* 7th Dist. Columbiana No. 2001 CO 60, 2003–Ohio–2559. However, this Court, subsequently to *Altier*, called into question this reading of *Ketchum*, noting that the Seventh District Court had therein stated that "*[i]n most states,* a marital debt is any debt incurred during the marriage for the joint benefit of the parties or for a valid marital purpose." *See Compton v. Compton*, 5th Dist. Stark No. 2015 CA 00199, 2016-Ohio-4626, ¶ 12, citing *Ketchum* at ¶ 47 (emphasis added). In turn, "[t]he *Ketchum* court correspondingly recognized that '[n]o accepted definition of marital debt has arisen from Ohio caselaw.' " *Compton* at ¶ 12, quoting *Ketchum* at ¶ 47. *Accord Elliott v. Elliott*, 4th Dist. Ross No. 03CA2737, 2004-Ohio-3625, ¶ 16.

**{¶21}**   Appellant also directs us to one of the few Ohio cases in the present context dealing with student loan debt incurred during the marriage for the benefit of a couple's children, *Cooper v Cooper*, 12th Dist. Clermont No. CA2013–02–017, 2013-Ohio-4433. While indeed the Twelfth District Court of Appeals therein stated that "the mere fact that the debt was in Husband's name alone is not enough to establish that the debt was Husband's separate debt[,]" (*id.* at ¶ 21), the Court likewise relied upon a questionable reading of the *Ketchum* holding as to the definition of marital debt. *See id.* at ¶ 18, citing *Nichols–Ross v. Ross,* 12th Dist. Butler No. CA2008–03–090, 2009–Ohio–1723, ¶ 26. Furthermore, rather than taking out a large single loan, as appellant apparently did herein, the husband in *Cooper* had "initiated" annual student loans for the parties' son over the course of several years, starting in 2006 and ending in 2010. *Cooper* at ¶ 21. Unlike what occurred at trial in the present case, the wife in *Cooper* provided no testimony on the subject of student loans, and two of the parties' children took the stand and "testified that both Husband and Wife agreed to pay for their college education." *Id.*

**{¶22}**   In her trial testimony in the case *sub judice*, appellee conceded that she and appellant had jointly applied for A. M.'s aforementioned 2005 "Canton Student" loan, but she recalled that "after that [A. M.] and her father were doing everything together." Tr. II at 82. She continued, in regard to the U.S. Department of Education loan: "I heard that she got something from the government. I don't really know what, which is which, what is what." *Id.* In sum, according to appellee, the latter loan "was between [A. M.] and her father." *Id.* at 11. Appellant countered in his testimony that appellee was involved in the process and was aware that he signed the loan. Tr. II at 96-97.

{¶23}  It is generally recognized that the trier of fact is in a far better position to observe the witnesses' demeanor and weigh their credibility. *See, e.g., Taralla v. Taralla,* 5th Dist. Tuscarawas No. 2005 AP 02 0018, 2005–Ohio–6767, ¶ 31. Upon review, we find the trial court's reliance on the evidence that appellee was not a co-signer on the U.S. Department of Education loan as a means of overcoming the marital debt presumption was not against the manifest weight of the evidence nor did it constitute an abuse of discretion, particularly where the parties had maintained a lengthy separation prior to the divorce.

{¶24}  Appellant's First Assignment of Error is sustained in part and overruled in part.

II.

{¶25}  In his Second Assignment of Error, appellant contends the trial court erred in making its award of spousal support.

{¶26}  R.C. 3105.171(C)(3) mandates in pertinent part that "[t]he court shall provide for an equitable division of marital property under this section prior to making any award of spousal support to either spouse under section 3105.18 of the Revised Code ***." *See, also, Jendrusik v. Jendrusik,* 7th Dist. Belmont No. 00BA54, 2001–Ohio–3377; R.C. 3105.18(B).

{¶27}  Appellant's argument is solely premised on the proposition from his first assigned error that the trial court failed to properly identify and equitably divide the parties' marital property. As such, he maintains that the issues of property division and spousal support should be simultaneously remanded for further proceedings. *See Day v. Day*, 5th Dist. Ashland No. 04 COA 74, 2005-Ohio-4343, ¶ 24.

**{¶28}** To the extent that our previous conclusions herein as to property division might affect spousal support, we remand the latter issue for discretionary review by the trial court. *See* R.C. 3105.18(C)(1)(i).

**{¶29}** Appellant's Second Assignment of Error is therefore sustained on these grounds.

**{¶30}** For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is hereby affirmed in part, reversed in part, and remanded.

By: Wise, John, J.

Gwin, P. J., and

Hoffman, J., concur.

JWW/d 0706