[Cite as *Hostetler v. Hostetler*, 2019-Ohio-609.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| PATRICIA A. HOSTETLER | JUDGES:<br>Hon. John W. Wise, P. J.<br>Hon. W. Scott Gwin, J.<br>Hon. Earle E. Wise, Jr., J. |
|      Plaintiff-Appellee/Cross-Appellant | |
| -vs- | Case Nos. 2018 CA 00052<br>    and 2018 CA 00054 |
| GARY L. HOSTETLER | |
|     Def.-Appellant/Cross-Appellee | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Domestic Relations Division, Case No.  2017 DR 00207 |
| JUDGMENT: | Affirmed in Part; Reversed in Part and Remanded |
| DATE OF JUDGMENT ENTRY: | February 19, 2019 |


APPEARANCES:

For Plaintiff-Appellee/Cross-Appellant

JOHN H. SIMPSON
2859 Aaronwood Avenue NE
Massillon, Ohio  44646

For Defendant-Appellant/Cross-Appellee

ARNOLD F. GLANTZ
3722 Whipple Avenue NW
Canton, Ohio  44718

*Wise, John, P. J.*

{¶1} Defendant-Appellant/Cross-Appellee Gary L. Hostetler appeals from his judgment entry of divorce from Plaintiff-Appellee/Cross-Appellant Patricia A. Hostetler in the Stark County Court of Common Pleas, Domestic Relations Division. The relevant facts leading to this appeal are as follows.

{¶2} Appellant Gary and Appellee Patricia were first married in April 1967. That marriage ended in a divorce.

{¶3} On January 8, 1982, they were married again. They had two children together, both of whom are now adults.

{¶4} At some point in December 2016, appellee moved out of the marital residence. Appellee asserts appellant refused to allow her to return home following a surgery. She then filed a complaint for divorce in Stark County on March 10, 2017. Appellant filed an answer and counterclaim on January 19, 2018. Appellee filed an answer to the counterclaim on March 5, 2018.

{¶5} In the meantime, appellee was forced to file motions to compel discovery three times. Furthermore, appellant failed to appear for scheduled depositions on March 16, 2018, and March 23, 2018.

{¶6} After two continuances, the case proceeded to a bench trial on March 29, 2018. A judgment entry of divorce was issued on April 10, 2018. The parties had no marital debts at the time of the divorce, and the court rendered a division of property as further discussed *infra*. The court also awarded no spousal support, finding that "[appellee] has sufficient liquid assets to support herself in a comfortable manner."

Judgment Entry at 7. However, the court ordered appellant to pay $2,646.00 to appellee for attorney fees and costs. *Id.* at 8.

{¶7} On May 9, 2018, Appellant Gary filed a notice of appeal (2018CA00052). He herein raises the following two Assignments of Error:

{¶8} "I. THE TRIAL COURT ERRED IN EQUALLY DIVIDING [APPELLANT] GARY'S PENSION.

{¶9} "II. THE TRIAL COURT ERRED IN ORDERING GARY TO PAY [APPELLEE] PATRICIA'S ATTORNEY'S FEES."

{¶10} Appellee Patricia also filed a notice of appeal on May 9, 2018 (2018CA00054). On July 11, 2018, this Court issued an order consolidating the two appeals, and designating appellee as the cross-appellant. She herein raises the following four Assignments of Error as if on cross-appeal:

{¶11} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN ALLOWING APPELLANT/CROSS-APPELLEE AN ADDITIONAL 30 DAYS TO SHOW THAT A PORTION OF THE TD AMERITRADE ACCOUNT WAS PREMARITAL.

{¶12} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN TREATING THE TRANSFER OF THE COLUMBIANA COUNTY, OHIO REAL ESTATE AS A GIFT.

{¶13} "III. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN ITS DIVISION OF ASSETS AS THE TRIAL COURT FAILED TO SUBTRACT THE VALUE OF THE VEHICLE PURCHASED BY THE

APPELLEE/CROSS-APPELLANT USING A WITHDRAWAL FROM HER SAVINGS ACCOUNT PRIOR TO DIVIDING THE ASSETS.

**{¶14}** "IV. THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO AWARD SPOUSAL SUPPORT."

<u>*Final Appealability*</u>

**{¶15}** Before we reach the merits of the present appeal and cross-appeal, it is incumbent that we consider our jurisdiction to hear this appeal. The existence of a final appealable order is a jurisdictional question that an appellate court can raise sua sponte. *McHenry v. McHenry*, 5th Dist. Stark No. 2014 CA 00146, 2015–Ohio–2479, ¶ 23, citing *Savage v. Cody–Ziegler, Inc.,* 4th Dist. Athens No. 06CA5, 2006–Ohio–2760, 2006 WL 1514273, ¶ 31. As a general rule, a judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order. *See Moscarello v. Moscarello,* 5th Dist. Stark No. 2014CA00181, 2015–Ohio–654, ¶ 11, quoting *Rice v. Lewis,* 4th Dist. Scioto No. 11CA3451, 2012–Ohio–2588, ¶ 14 (additional citations omitted).

**{¶16}** Two facets of the divorce decree at issue in this matter warrant a closer look in this regard. The first is the trial court's order that Appellant Gary's TD Ameritrade stock account would be recognized as his separate property if he could document to counsel that the stocks were premarital, within thirty days of the decree. Judgment Entry of Divorce, April 10, 2018, at 6. The trial court added: "If no documentation is provided, then the stocks are all deemed marital." *Id.* Appellant, in his cross-appellee's brief, informs us that "as it turns out," he did not provide the necessary documentation regarding the

Ameritrade account. Brief of Cross-Appellee at 3. Accordingly, we deem the trial court's ruling on said asset now resolved.

**{¶17}** The second issue to consider concerns the contents of a safe in the marital residence. Due to appellant's inaction during the divorce, the trial court issued the following order:

> Husband is ordered to allow a lock smith access to the safe and permission to open the safe, in any way feasible, even if the safe has to be drilled or damaged. All attempts should be made to open the safe without damage. Husband shall permit an appraiser from Dutton [Auctions] to inventory and appraise the contents of the safe and Husband's guns. The items shall be divided equally, or at Husband's discretion, Husband shall pay to Wife one half of the value of the items. Cost of the lock smith and appraiser shall be divided equally.

**{¶18}** Judgment Entry of Divorce at 7-8.

**{¶19}** While the aforesaid provision presumably hampered an exact accounting on the court's property division chart attached to the decree, we note R.C. 3105.171(J) states that a court addressing marital and/or separate property "may issue any orders under this section that it determines equitable ***." Furthermore, on appellate review, the trial court's property division should be viewed as a whole in determining whether it has achieved an equitable and fair division of marital assets. *See Briganti v. Briganti*, 9 Ohio St.3d 220, 459 N.E.2d 896 (1984). We find the court's aforesaid ruling as to the safe does not create an issue of lack of final appealability under the circumstances presented.

**{¶20}** We will therefore proceed to an analysis of the claims herein presented.

### *Appellant Gary's Direct Appeal*

### I.

**{¶21}** In his First Assignment of Error, appellant, a retired police officer, maintains the trial court erred in dividing his public pension.

**{¶22}** Pursuant to R.C. 3105.171(B), "[i]n divorce proceedings, the court shall *** determine what constitutes marital property and what constitutes separate property. In either case, upon making such a determination, the court shall divide the marital and separate property equitably between the spouses, in accordance with this section. * * *"

**{¶23}** R.C. 3105.171(C)(1) further states: "Except as provided in this division or division (E)(1) of this section, the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. In making a division of marital property, the court shall consider all relevant factors, including those set forth in division (F) of this section."

**{¶24}** An appellate court generally reviews the overall appropriateness of the trial court's property division in divorce proceedings under an abuse-of-discretion standard. *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 421 N.E.2d 1293. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. In order to make an equitable division of property, the trial court should first determine the value of the marital assets. *See Eisler v. Eisler* (1985), 24 Ohio App.3d 151, 152, 493 N.E.2d 975. In performing this

function, the trial court has broad discretion to develop some measure of value. *See Berish v. Berish* (1982), 69 Ohio St.2d 318, 432 N.E.2d 183.

**{¶25}** Generally, pension or retirement benefits earned during the marriage are marital assets and a factor to be considered in the just division of property. *Hoyt v. Hoyt* (1990), 53 Ohio St.3d 177, 178, 559 N.E.2d 1292. Specifically, "[w]hen considering a fair and equitable distribution of pension or retirement benefits in a divorce, the trial court must apply its discretion based upon the circumstances of the case, the status of the parties, the nature, terms and conditions of the pension or retirement plan, and the reasonableness of the result." *Id.*, at paragraph one of syllabus.

**{¶26}** In the case *sub judice*, appellant is retired from the Massillon Police Department, drawing as of the date of trial $5,060.37 per month on his Ohio Police and Fire Pension, while appellee is retired from the Massillon City Schools, where she worked as a bus driver and custodian. She draws $1,075.91 per month on her SERS pension. The trial court, referencing the date of the parties' marriage, ruled as follows on the subject of their public pensions:

> The parties shall divide equally by QDRO/DOPO, the marital portion of [Appellant] Husband's and [Appellee] Wife's pensions using the 1982 date. If possible, Wife's pension shall be offset against Husband's pension and then an equal division.

**{¶27}** Judgment Entry of Divorce at 6-7.

**{¶28}** Based on the first sentence of the above provision, it appears the trial court in this case initially chose to apply a coverture fraction approach, using the dates of the marriage's duration. A coverture fraction is generally structured as follows: "The

numerator of the coverture fraction is the number of years the [party] participated in the pension plan during the marriage and the denominator is the total number of years the [party] participated in the plan." *Ferris v. Ferris,* 5th Dist. Fairfield 00 CA 58, 2001 WL 194779.

{¶29} However, it is not clear to this Court if the second sentence is an alternate order, mandating a set-off of both parties' full pension amounts "if possible," or if the second sentence is merely intended to logistically reinforce the first. In any case, appellant maintains that it would have been more equitable to simply have permitted each party to retain his or her pension. However, upon review, we find the proper remedy is to remand the pension division issue for clarification by the trial court. *See, e.g., Balog v Balog*, 12th Dist. Warren No. CA96-08-077, 1997 WL 311587.

{¶30} Appellant's First Assignment of Error is sustained to the extent that further clarification by the trial court is required.

II.

{¶31} In his Second Assignment of Error, appellant maintains the trial court abused its discretion in ordering him to pay appellee's attorney fees of in the amount of $2,646.00. We disagree.

{¶32} An award of attorney fees in a domestic relations action is within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. *Chattree v. Chattree,* 8th Dist. Cuyahoga No. 99337, 8 N.E.3d 390, 410, 2014–Ohio–489, ¶ 79, citing *Wildman v. Wildman,* 5th Dist. Licking No. 12–CA–21, 2012–Ohio–5090, ¶ 79. "*** [A] domestic relations court, well-versed in the ordinary flow of divorce litigation through its doors, is in a much better position to determine whether

a particular case has been unduly hampered by one or more of the participants." *Compton v. Compton*, 5th Dist. Stark No. 2015CA00199, 2016-Ohio-4626, ¶ 14.

**{¶33}** The pertinent statute, R.C. 3105.73(A) states: "In an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that action, a court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' marital assets and income, any award of temporary spousal support, *the conduct of the parties*, and any other relevant factors the court deems appropriate." (Emphasis added).

**{¶34}** In the case *sub judice*, the trial court determined appellant had not cooperated with the necessary inventory and appraisal of items in the parties' safe, even refusing admittance of an appraiser ordered by the court. Accordingly, the court ordered payment of $2,646.00 for appellee's attorney fees and costs that she was "forced to incur when [appellant] failed to comply with discovery orders, attend depositions and permit appraisals." Judgment Entry of Divorce at 5, 8.

**{¶35}** Appellant essentially urges that appellee will be left with significant assets via the marital property division, as well as her monthly pension amounts and smaller social security and annuity income, such that she should be responsible for the entirety of her legal expenses. However, upon review of the record and the history of the divorce proceedings in the trial court, we are unable to conclude the attorney fee award to appellee rose to the level of an abuse of discretion.

**{¶36}** Appellant's Second Assignment of Error is therefore overruled.

### *Appellee Patricia's Cross-Appeal*

I.

**{¶37}** In her First Assignment of Error on cross-appeal, appellee maintains the trial court erred and/or abused its discretion in allowing appellant an additional thirty days to show what portion of the TD Ameritrade account was premarital.

**{¶38}** Based on our conclusions above concerning the issue of final appealability, we find appellee's First Assignment of Error on cross-appeal to be moot.

II.

**{¶39}** In her Second Assignment of Error on cross-appeal, appellee contends the trial court erred and/or abused its discretion in treating the prior alleged transfer of certain real estate in Columbiana County to the parties' son as a gift. We agree.

**{¶40}** In the case *sub judice*, there were four real estate parcels mentioned in the divorce, all of them unencumbered by any debt. The first was the marital residence in Massillon, valued at $110,000.00. The second was an unoccupied additional residential property in Massillon, valued at $50,000.00. The third was a rural property of approximately twelve acres, valued at $75,000.00, near the western edge of Stark County. These three parcels were treated as marital property by the trial court.

**{¶41}** However, a fourth property, located in Columbiana County and purchased with funds supplied by appellant approximately in 2013, was exempted from the marital estate by the trial court as follows:

> The Court finds that property located at *** Columbiana OH was gifted to the parties' son. Husband testified it was a gift, but he never got around to finalizing the deed. Wife knew of the gift, but felt that if their son

ever sold the property, he would give the money back. The court determines that this property was a gift, and is not marital property, and orders a deed prepared and filed within 30 days to finalize the gift.

**{¶42}** Judgment Entry of Divorce at 3.

**{¶43}** In Ohio, the essential elements of a valid *inter vivos* gift are (1) the intent to make a gift, (2) delivery of the gift to the donee and (3) acceptance of the gift by the donee. *Blackburn v. Ward*, 4th Dist. Scioto No. 05CA3014, 2006-Ohio-406, ¶ 23, citing *Bolles v. Toledo Trust Co.* (1936), 132 Ohio St. 21, 4 N.E.2d 917, at paragraph one of the syllabus.

**{¶44}** Nonetheless, "[w]hen the gift is real property, delivery is complete upon recording of the deed." *Blackburn, supra.*, citing *Romaniw-Dubas v. Polowyk* (Aug. 10, 2000), Cuyahoga App. No. 75980; *Wood v. Wade* (Aug. 14, 1986), Stark App. No. CA-6790, 1986 WL 4631 . In other words, "[a] person may intend to make an inter-vivos gift of real property, but that intent can only be accomplished by the execution and delivery of a deed, which is not an unfair or burdensome requirement." *In the Matter of the Estate of Van Camp*, 4th Dist. Washington No. 84X27, 1985 WL 9415.

**{¶45}** While a less strict application of the deed requirement might be justified in this type of scenario were the donor's actions closer to the time of the divorce, it appears undisputed herein that appellant had withheld transfer of the deed to the parties' son for approximately five years, even though the son was residing there with his family.[1] Under

---

[1] According to the son, the property remained titled to "Hostetler Trusts," which he described as appellant's trust. *See* Tr. at 59-60.

these circumstances, we find the failure to include the Columbiana property in the division of marital assets was erroneous as a matter of law.

**{¶46}** Appellee's Second Assignment of Error on cross-appeal is sustained, and the matter will be remanded for the trial court to amend its property division orders.

III.

**{¶47}** In her Third Assignment of Error on cross-appeal, appellee contends the trial court erred and/or abused its discretion by failing to subtract, prior to dividing the marital assets, the value of a Buick automobile appellee had purchased using a withdrawal from her savings account. We disagree.

**{¶48}** "The valuation of marital assets is typically a factual issue that is left to the discretion of the trial court." *Roberts v. Roberts,* Franklin App.No. 08AP–27, 2008–Ohio–6121, ¶ 18 citing *Berish, supra.* An appellate court reviews the property division in a divorce as a whole in determining whether it has achieved an equitable and fair division of marital assets. *Briganti*, *supra*. Generally, as an appellate court, we are not the trier of fact. Our role is to determine whether there is relevant, competent, and credible evidence upon which the fact finder could base his or her judgment. *Tennant v. Martin–Auer,* 188 Ohio App.3d 768, 2010–Ohio–3489, 936 N.E.2d 1013, ¶ 16, citing *Cross Truck Equipment Co. v. Joseph A. Jeffries Co.* (Feb. 10, 1982), Stark App. No. CA–5758, 1982 WL 2911.

**{¶49}** Appellee specifically argues that the court erred in failing to account for the $16,000.00 she used to buy a 2015 Buick, in cash, after she had totaled her previous car a few weeks before the divorce trial. The court awarded her the Buick in the property

division chart, in addition to her $24,201.00 Chase Bank savings account, but did not subtract the $16,000.00 from that account that she withdrew to buy this car.

{¶50} However, this appears to be merely a temporary disparity in assets. Appellee testified that the car that had been crashed was fully insured. Tr. at 39. She also testified that the insurance company would be issuing her a check for the car, although the amount was still being negotiated at the time of the divorce trial. *See* Tr. at 40, 44. Thus, the disparity created will only last until she receives a check from the insurance company, although it is unknown whether the full $16,000.00 replacement cost will be covered. While the timing of these events has unfortunately worked against appellee, we find no abuse of discretion by the trial court in proceeding to a final resolution using the information it had before it at the time.

{¶51} Appellee's Third Assignment of Error on cross-appeal is overruled.

IV.

{¶52} In her Fourth Assignment of Error on cross-appeal, the trial court abused its discretion in failing to award her any spousal support.

{¶53} R.C. 3105.18(C)(1)(a) thru (n) provides the factors that a trial court is to review in determining whether spousal support is appropriate and reasonable and in determining the nature, amount, terms of payment, and duration of spousal support:

(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code; (b) The relative earning abilities of the parties; (c) The ages and the physical, mental, and emotional conditions of the parties; (d) The retirement benefits of the parties; (e) The

duration of the marriage; (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home; (g) The standard of living of the parties established during the marriage; (h) The relative extent of education of the parties; (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties; (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party; (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought; (l) The tax consequences, for each party, of an award of spousal support; (m) The lost income production capacity of either party that resulted from that party's marital responsibilities; (n) Any other factor that the court expressly finds to be relevant and equitable.

{¶54} A trial court's decision concerning spousal support may only be altered if it constitutes an abuse of discretion. *See Kunkle v. Kunkle* (1990), 51 Ohio St.3d 64, 67, 554 N.E.2d 83. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). "Although a trial court has discretion when fashioning its spousal support award, it does not have

discretion to disregard the statutory mandates that control spousal support." *Palazzo v. Palazzo*, 9th Dist. Summit No. 27932, 2016-Ohio-3041, ¶ 21. Nonetheless, R.C. 3105.18 does not require the lower court to make specific findings of fact regarding spousal support awards. While R.C. 3105.18(C)(1), *supra,* does set forth fourteen factors the trial court must consider, if the court does not specifically address each factor in its order, a reviewing court will presume each factor was considered, absent evidence to the contrary. *Carroll v. Carroll,* 5th Dist. Delaware No. 2004–CAF–05035, 2004–Ohio–6710, ¶ 28, citing *Watkins v. Watkins,* 5th Dist. Muskingum No. CT 2001–0066, 2002–Ohio–4237, ¶ 21 (additional citations omitted). Similarly, "[w]hen a trial court indicates that it has reviewed the appropriate statutory factors, there is a strong presumption that the factors were indeed considered." *Mavity v. Mavity*, 12th Dist. Butler No. CA2000-12-244, 2002-Ohio-556.

{¶55} The trial court's final redress of the issue of spousal support is as follows:

The Court considered all of the spousal support factors and finds that spousal support is neither appropriate nor reasonable. §3105.18(C)(1). The Court has equally divided the assets and pensions. Wife has sufficient liquid assets to support herself in a comfortable manner.

{¶56} Judgment Entry of Divorce at 7.

{¶57} Under the present circumstances, because our decision to remand for clarification the issue of pension division (*see* Assignment of Error I) might affect the trial court's consideration of spousal support (*see* R.C. 3105.18(C)(1)(i), *supra*), we also remand the latter issue for discretionary review by the court. *See Passyalia v. Moneir*, 95 N.E.3d 723, 2017-Ohio-7033, ¶28 (5th Dist.).

{¶58} Appellee's Fourth Assignment of Error on cross-appeal is therefore sustained to that extent.

{¶59}  For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is hereby affirmed in part, reversed in part, and remanded.

By: Wise, John, P. J.

Gwin, J., and

Wise, Earle, J., concur.

JWW/d 0116