[Cite as *Liu v. Tallarico-Liu*, 2022-Ohio-1088.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


LOUIS S. LIU

    Plaintiff-Appellant

-vs-

LOU ANN TALLARICO-LIU

    Defendant-Appellee

JUDGES:
Hon. Earle E. Wise, Jr., P. J.
Hon. John W. Wise, J.
Hon. Patricia A. Delaney, J.

Case No. 21CA000024

O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 20DR000211 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | March 31, 2022 |


APPEARANCES:

For Plaintiff-Appellant

MILES D. FRIES
GOTTLIEB, JOHNSTON,
BEAM & DAL PONTE
320 South Main Street, P.O. Box 190
Zanesville, Ohio  43702-0190

For Defendant-Appellee

HERBERT W. BAKER
301 Main Street
P.O. Box 400
Zanesville, Ohio  43702-0400

*Wise, John, J.*

**{¶1}** Plaintiff-Appellant Louis L. Liu appeals the April 29, 2021, decision of the Guernsey County Court of Common Pleas adopting and approving the April 29, 2021, Magistrate's Decision.

**{¶2}** Defendant-Appellee is Lou Ann Tallarico-Liu.

## STATEMENT OF THE FACTS AND CASE

**{¶3}** The relevant facts and procedural history are as follows:

**{¶4}** The parties were married on May 7, 2005, and filed for divorce on April 27, 2020. At the time of the divorce hearing, Appellant-Husband was 67 years old and received a monthly social security benefit of $870.00 and a monthly V.A. benefit of $3,800.00. Appellee-Wife was 81 years old at the time of the divorce hearing and received a monthly social security benefit of $1,113.40 and a monthly pension benefit of $261.04.

**{¶5}** On May 3, 2005, just prior to their marriage, the parties signed an Ante-Nuptial Agreement. A separate list of assets of each party was attached to the agreement as follows:

> EXHIBIT A Assets of LOU ANN TALLARICO:
>
> 1)     (a) Real property located at 4945 Cliffrock Drive, Zanesville, Ohio with a value of $250,000;
> (b) Real property located at 4890 Sugar Grove, Cambridge, Ohio with a value of $144,000; (subject to a mortgage to National City Bank in the amount of $99,000;)
> 2)     A 2002 Honda CRV valued at $18,000;
> 3)     (a) Century National Bank (formerly First Federal Savings Bank) Accounts *as* follows:
> (i) Savings Account #701220048 in the amount of $25,142.55;
> (ii) Checking Account #154402704 in the amount of $1,256.00;
> (b) Century National Bank Certificates of Deposit, to-wit:
> (i) One in the amount of $30,285.00;
> (ii) One in the amount of $35,405.00;

(c) Community Bank Check Account #987749 in the amount of $5,727.00;
(d) Genesis TDA Thrift Plan in the amount of $41,488.00;
4)    One complete set of household goods and furnishings located at 4945 Cliffrock Drive, Zanesville, Ohio valued at $2,000.

EXHIBIT B Assets of LOUIS S. LIU:

1)    1991 Honda Accord valued at $2,000;
2)    National City Savings Account in the amount of $50;
3)    One complete set of household goods and furnishings located at 4890 Sugar Grove, Cambridge, Ohio valued at $2,000.

{¶6}    On April 13 and April 26, 2021, an evidentiary hearing was held on Plaintiff's Complaint in Divorce and Defendant's Counterclaim.

{¶7}    At said hearing, Husband argued that the Ante-Nuptial Agreement should be set aside as not valid; arguing that English is not his first language, he has difficulty reading, he was not represented by counsel, and that he was only in Wife's attorney's office that one time to sign the paperwork and he didn't read it.

{¶8}    On April 29, 2021, a Magistrate's Decision was filed wherein the Magistrate found that Husband's argument to have the ante-nuptial agreement set aside failed for the following reasons:

a. Husband has lived in this country since he was 17 years old. He was born 01/15/1954 and would have been 51 years old at the time of the signing of the agreement and would have been in the US for 34 years.

b. Husband graduated from high school in the US.

c. Husband retired from the US military and would have had to pass a written test to enter.

d. Husband was actively involved in the creation of the agreement as his children are listed in the document and Wife did not know his children.

e. The Magistrate finds that Husband's testimony is not credible.

9. Therefore the Magistrate finds that the antenuptial agreement is valid and enforceable.

**{¶9}** (Magistrate's Decision, 4/29/2021, at 2).

**{¶10}** Finding the Agreement to be valid, the Magistrate then went on to consider whether the appreciation of the Sugar Grove property was marital property and subject to division.

**{¶11}** The Magistrate found that prior to September, 2004, Husband had owned the Sugar Grove property. However, he was behind on his mortgage payments, was facing foreclosure, and was unable to refinance the mortgage due to having previously filed for bankruptcy. At that time the house was valued at $144,000 subject to a $99,000 mortgage.

**{¶12}** Wife purchased the property from Husband in September, 2004, prior to the marriage, and took out a $100,000 mortgage on the property

**{¶13}** In September, 2009, Wife sold her premarital property located at Cliffrock Drive in Zanesville. At that time, she used $35,000 of her sale proceeds to pay down the mortgage on the Sugar Grove property, which brought the balance down to $41,115.06. By August 5, 2011, the mortgage was satisfied.

**{¶14}** The parties maintained separate bank accounts. Husband testified that he gave money to Wife every month for the mortgage payment. Wife did not dispute the fact

that Husband gave her money but testified that the money was for food, clothing and general household items.

{¶15} The Magistrate found that the funds used to pay the $41,115.06 balance on the mortgage came from marital income, regardless of the source of the income.

{¶16} The parties agreed that some improvements were made to the property, and that the property is now valued at $215,000. Husband claimed that he paid for the improvements, however, he provided no documentation or receipts in support of his claims. The court noted that Husband had failed to provide any discovery during this action, despite being ordered multiple times to provide documentation to support his allegations.

{¶17} Wife, on the other hand, provided the court with receipts showing that she paid for the new driveway out of her bank account and also paid for the outdoor stove out of premarital funds. These two improvements totaled over $40,000. Wife provided testimony and evidence of improvements totaling $59,437.16.

{¶18} In conclusion, the Magistrate found that Husband had no interest in the Sugar Grove property but that he was entitled to $20,557.53 for his portion of the reduction of the mortgage.

{¶19} It should also be noted that the Magistrate found that Husband had not been truthful when listing his assets in the Ante-Nuptial Agreement, failing to disclose that he owned real estate in Columbus, Ohio.

{¶20} On April 29, 2021, a Judgment Entry and Order Adopting the Magistrate's Decision was filed.

**{¶21}** On May 13, 2021, Husband filed a Civil Rule 53 Objection to the Magistrate's Decision.

**{¶22}** By Judgment Entry filed August 20, 2021, the trial court overruled the objections and reaffirmed its adoption and approval of the Magistrate's Decision.

**{¶23}** Appellant-Husband now appeals, assigning the following error for review:

<u>**ASSIGNMENT OF ERROR**</u>

**{¶24}** "I. THE TRIAL COURT'S DETERMINATION OF THE MARITAL EQUITY IN THE REAL ESTATE WAS CONTRARY TO LAW AS APPELLEE FAILED TO SUSTAIN HER BURDEN OF PROOF REGARDING PASSIVE APPRECIATION OF THE REAL ESTATE."

**I.**

**{¶25}** In his sole assignment of error, Appellant argues the trial court erred in its determination regarding the division of the equity as to the Sugar Grove property. We disagree.

**{¶26}** R.C. §3105.171(B) states in pertinent part that "[i]n divorce proceedings, the court shall * * * determine what constitutes marital property and what constitutes separate property. In either case, upon making such a determination, the court shall divide the marital and separate property equitably between the spouses, in accordance with this section. For purposes of this section, the court has jurisdiction over all property, excluding the social security benefits of a spouse other than as set forth in division (F)(9) of this section, in which one or both spouses have an interest." There is a presumption in Ohio that an asset acquired during the course of the marriage is marital property, unless proved otherwise. *Haven v Haven*, 5th Dist. Ashland No. 12-COA-013, 2012-Ohio-5347,

¶ 23. Correspondingly, the definition of "separate property" includes "[a]ny real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of the marriage[.]" R.C. §3105.171(A)(6)(a)(ii).

**{¶27}** The characterization of property as marital or separate must be supported by sufficient, credible evidence. *Kess v. Kess*, 5th Dist. Delaware No. 15 CAF 10 0076, 2018-Ohio-1370, 2018 WL 1750932, ¶ 51 citing *Chase–Carey v. Carey*, 5th Dist. Coshocton No. 99CA1, 1999 WL 770172. The party to a divorce action seeking to establish that an asset or portion of an asset is separate property, rather than marital property, has the burden of proof by a preponderance of the evidence. *Passyalia v. Moneir*, 5th Dist. Stark No. 2016 CA 00182, 2017–Ohio–7033, ¶ 18 citing *Cooper v. Cooper,* 5th Dist. Licking No. 14 CA 100, 2015–Ohio–4048, ¶ 45, citing *Zeefe v. Zeefe*, 125 Ohio App.3d 600, 614, 709 N.E.2d 208 (1998).

**{¶28}** We also note R.C. §3105.171(C)(1) states in pertinent part as follows:

> Except as provided in this division or division (E) of this section, the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. * * *." *Pletcher v. Pletcher*, 5th Dist. Muskingum No. CT2019-0002, 2019-Ohio-3625, 2019 WL 4267781, ¶ 18.

**{¶29}** In order to make an equitable division of property, the trial court should first determine the value of the marital assets. *Passyalia v. Moneir*, 5th Dist. No. 2016 CA 00182, 2017-Ohio-7033, 95 N.E.3d 723, 2017 WL 3263785, ¶ 10 citing *Eisler v. Eisler* (1985), 24 Ohio App.3d 151, 152, 493 N.E.2d 975. In performing this function, the trial

court has broad discretion to develop some measure of value. *Berish v. Berish*, 69 Ohio St.2d 318, 432 N.E.2d 183 (1982). Thus, "[t]he valuation of marital assets is typically a factual issue that is left to the discretion of the trial court." *Roberts v. Roberts*, 10th Dist. Franklin No. 08AP-27, 2008-Ohio-6121, 2008 WL 5049808, ¶ 18, citing *Berish, supra*.

**{¶30}** Trial court decisions regarding the classification of separate and marital property are not reversed unless there is a showing of an abuse of discretion. *Pletcher v. Pletcher*, 5th Dist. Muskingum No. CT2019-0002, 2019-Ohio-3625, 2019 WL 4267781, ¶ 15 citing *Valentine v. Valentine*, 5th Dist. Ashland No. 95COA01120, 1996 WL 72608, citing *Peck v. Peck*, 96 Ohio App.3d 731, 734, 645 N.E.2d 1300 (12th Dist.1994). In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

**{¶31}** While the characterization of property as separate or marital must be supported by sufficient, credible evidence, the appellate court is not the trier of fact. Our role is to determine whether there is relevant, competent, and credible evidence upon which the factfinder could base his or her judgment. *Tennant v. Martin–Auer*, 188 Ohio App.3d 768, 936 N.E.2d 1013, 2010–Ohio–3489, ¶ 16, citing *Cross Truck v. Jeffries*, 5th Dist. Stark No. CA–5758, 1982 WL 2911.

**{¶32}** This Court has consistently held that it cannot substitute its judgment for that of the trial court, and the Supreme Court has directed us not to conduct piece meal appeals of property divisions, but rather to look to the total distribution to determine whether it is equitable. *Haynes v. Haynes*, 5th Dist. Coshocton No. 2010-CA-01, 2010-Ohio-5801, 2010 WL 4868078, ¶ 38 citing *Briganti v. Briganti*, 9 Ohio St.3d 220, 459

N.E.2d 896 (1984); *Hostetler v. Hostetler*, 5th Dist. Stark Nos. 2018CA00052, 2018CA00054, 2019-Ohio-609, ¶ 19.

**{¶33}** In the case before us, Appellee presented evidence that the Sugar Grove property was pre-marital property, which at the time of the marriage was valued at $144,000 and had appreciated to $215,000 by the time of the divorce.

**{¶34}** "Marital property" includes "[a]ll real and personal property that currently is owned by either or both of the spouses * * * and that was acquired by either or both of the spouses during the marriage," and "[a]ll interest that either or both of the spouses currently has in any real or personal property * * * and that was acquired by either or both of the spouses during the marriage." R.C. §3105.171(A)(3)(a)(i) and (ii). Marital property also includes "income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage." R.C. 3105.171(A)(3)(a)(iii). This is known as active appreciation. *Ostmann v. Ostmann,* 168 Ohio App.3d 59, 858 N.E.2d 831, 2006–Ohio–3617, ¶ 26. Thus, "when *either* spouse makes a labor, money, or in-kind contribution that causes an increase in the value of separate property, that increase in value is deemed marital property." *Middendorf v. Middendorf* (1998), 82 Ohio St.3d 397, 400, 696 N.E.2d 575. (Emphasis sic.)

**{¶35}** "Separate property" includes "[a]ny real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of the marriage" and "[p]assive income and appreciation acquired from separate property by one spouse during the marriage." R.C. §3105.171(A)(6)(a)(ii) and (iii). Appreciation of separate property "due solely to market forces, such as location and inflation" is passive

appreciation and remains separate property. *Sterbenz v. Sterbenz,* 9th Dist No. 21865, 2004–Ohio–4577, ¶ 5.

**{¶36}** A party who wants an asset classified as separate property bears the burden of tracing that asset to his or her separate property. *Dunham v. Dunham*, 171 Ohio App.3d 147, 870 N.E.2d 168, 2007–Ohio–1167 at ¶ 20. When parties contest whether an asset is marital or separate property, the presumption is that the property is marital, unless proven otherwise. *C.S. v. M.S.*, 9th Dist. Summit No. 29070, 2019-Ohio-1876, 2019 WL 2147898, ¶ 16.

**{¶37}** Here, Appellee presented testimony that at the time of the marriage the property was encumbered by a mortgage of $100,000.  Appellee provided the court with evidence that she used proceeds from the sale of her pre-marital property to pay down the mortgage. She further provided the court with evidence establishing that she paid for significant improvements to the property from pre-marital funds, totaling approximately $59,437.

**{¶38}** Based on the testimony evidence presented by Appellee and the lack of any evidence presented by Appellant, the court found that the Sugar Grove property was separate, pre-marital property belonging to Appellee, and that Appellant had no interest in same.  The court went on to find that $41,115.06 of marital funds were used to pay the mortgage and ordered Appellee to pay $20,557 for his share of those payments.

**{¶39}** "[A] party who fails to provide adequate evidence as to the amount of passive appreciation fails to meet his burden of tracing the appreciation as separate property," and courts should not speculate "when the evidence is devoid of a *cause* for the increase." *McLeod v. McLeod,* 11th Dist. No. 2000–L–197, 2002–Ohio–3710, ¶ 31.

(Emphasis sic). [C]ourts should not simply conclude, without any evidence, that some of the appreciation must be passive. The party claiming the appreciation is due to 'enhanced market value' *must* prove it first." *Bizjak v. Bizjak,* 11th Dist. No. 2004–L–083, 2005–Ohio–7047. (Emphasis sic).

**{¶40}** Because competent, credible evidence supports the trial court's designation of the Sugar Grove property as separate property, we find Appellant's sole assignment of error not well-taken and overrule same.

**{¶41}** Accordingly, the judgment of the Court of Common Pleas of Guernsey County, Ohio, is affirmed.

By: Wise, John, J.

Wise, Earle, P. J., and

Delaney, J., concur.

JWW/kw 0329