[Cite as *Pletcher v. Pletcher*, 2019-Ohio-3625.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| AUNDREA PLETCHER | JUDGES:<br>Hon. John W. Wise, P. J.<br>Hon. Craig R. Baldwin, J.<br>Hon. Earle E. Wise, Jr., J. |
|     Plaintiff-Appellee | |
| -vs- | |
| | Case No. CT2019-0002 |
| JARED PLETCHER | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Civil Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. DA2017-0332


JUDGMENT:      Reversed and Remanded


DATE OF JUDGMENT ENTRY:      September 9, 2019


APPEARANCES:

For Plaintiff-Appellee

AUNDREA PLETCHER
PRO SE
640 Downard Road
Zanesville, Ohio  43701

For Defendant-Appellant

MILES D. FRIES
GOTTLIEB, JOHNSTON, BEAM
& DAL PONTE, P.L.L.
320 Main Street, P.O. Box 190
Zanesville, Ohio  43702-7555

*Wise, John, P. J.*

**{¶1}** Appellant Jared Pletcher appeals from his divorce in the Muskingum County Court of Common Pleas, Domestic Relations Division. Appellee Aundrea Pletcher is his former spouse. The relevant facts leading to this appeal are as follows.

**{¶2}** Appellee Aundrea and Appellant Jared were married in 2007. Two children were born as issue of the marriage.

**{¶3}** On December 14, 2010, during their marriage, appellee and appellant took title to a residential property located on Old River Road in Philo, Ohio, near the marital residence. The property was acquired by appellee and appellant from prior owner R.L., who had been renting the house on the property to Richard and Karen H., appellee's parents.[1]

**{¶4}** During the time the aforesaid property was owned by R.L., it was encumbered by a mortgage. R.L. had previously expressed some interest in selling the property to appellee's parents, but they were not in a position to buy it at that time. However, in lieu of that plan, appellee and appellant jointly obtained a mortgage from Community Bank to pay off R.L.'s existing mortgage. Appellee's parents thereafter continued to reside in the house under the ownership of appellee and appellant. Appellee's parents paid rent, but an assignment of those rent monies to Community Bank was arranged.

**{¶5}** On May 2, 2017, appellee filed a complaint for divorce. Appellant filed an answer and counterclaim on June 14, 2017.

---

[1] Technically speaking, R.L. owned the house as the trustee of a trust. *See* Tr. at 29.

**{¶6}** The parties eventually entered into a shared parenting plan, which was subsequently incorporated into the divorce decree, with certain exceptions set forth by the court. The remaining issues, particularly the division of property, proceeded to a trial on October 25, 2018.

**{¶7}** On October 29, 2018, the trial court issued its decision and judgment entry, concluding *inter alia* that the aforesaid Old River Road property was not part of the marital estate.

**{¶8}** On December 20, 2018, the trial court issued a final "judgment entry / decree of divorce." Among other things, appellant was granted the marital residence as his separate property, as he was found to have owned said residence since before the marriage.[2] The court also treated portions of appellant's "savings and investment plan" and his personal retirement account as his separate property; the remainder (totaling $117,347.00) was treated as marital property. The court also listed a 2016 Jeep and 1998 Baja Outlaw boat as marital assets.

**{¶9}** All told, the court found the existence of $166,947.00 in marital assets, less $73,944.18 in marital debts, equaling $93,002.82 in net marital assets. The court then distributed the marital assets ($152,197.00 to appellant, $14,750 to appellee) and allocated the marital debts ($58,275.18 to appellant, $15,669.00 to appellee). Appellant was thus ordered to make an equalization payment to appellee of $47,420.41. *See* Decree at 2; Marital Balance Sheet Exhibit.

---

[2] The marital residence is also in Philo, close to the Old River Road property at issue in the present appeal.

{¶10} Finally, as indicated previously, the Old River Road property occupied by appellee's parents was found to be appellee's separate property. Appellee was ordered within one year to refinance the mortgage encumbering said property so as to remove appellant's name therefrom.

{¶11} Appellant filed a notice of appeal on January 22, 2019.[3] He herein raises the following sole Assignment of Error:

{¶12} "I. THE TRIAL COURT ERRED IN FINDING THAT REAL ESTATE OWNED BY THE PARTIES IS NOT PART OF THE MARITAL ESTATE."

I.

{¶13} In his sole Assignment of Error, appellant contends the trial court erred in determining that the Old River Road property, titled to both appellee and appellant and occupied by appellee's parents, was not marital property for purposes of the parties' divorce. We agree.

*Applicable Law*

{¶14} An appellate court generally reviews the overall appropriateness of the trial court's property division in divorce proceedings under an abuse-of-discretion standard. *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 421 N.E.2d 1293. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

---

[3] Appellant filed his brief on April 15, 2019. Appellee did not file a response brief, but on July 16, 2019, she filed a *pro se* letter to this Court with the Muskingum County Clerk of Courts, albeit with no proof of service on appellant. We admonish appellee that such correspondence is improper and not in conformity with the Appellate Rules.

**{¶15}** A trial court should be given wide latitude in dividing property between the parties. *See Koegel v. Koegel* (1982), 69 Ohio St.2d 355, 432 N.E.2d 206. Trial court decisions regarding the classification of separate and marital property are not reversed unless there is a showing of an abuse of discretion. *See Valentine v. Valentine,* 5th Dist. Ashland No. 95COA01120, 1996 WL 72608, citing *Peck v. Peck,* 96 Ohio App.3d 731, 734, 645 N.E.2d 1300 (12th Dist.1994). The characterization of property as separate or marital must also be supported by sufficient, credible evidence. *See Chase–Carey v. Carey,* 5th Dist. Coshocton No. 99CA1, 1999 WL 770172. Furthermore, as an appellate court, we are not the trier of fact. Our role is to determine whether there is relevant, competent, and credible evidence upon which the factfinder could base his or her judgment. *Tennant v. Martin–Auer,* 188 Ohio App.3d 768, 936 N.E.2d 1013, 2010–Ohio–3489, ¶ 16, citing *Cross Truck v. Jeffries,* 5th Dist. Stark No. CA–5758, 1982 WL 2911.

**{¶16}** R.C. 3105.171(B) states as follows: "In divorce proceedings, the court shall, and in legal separation proceedings upon the request of either spouse, the court may, determine what constitutes marital property and what constitutes separate property. In either case, upon making such a determination, the court shall divide the marital and separate property equitably between the spouses, in accordance with this section. For purposes of this section, the court has jurisdiction over all property, excluding the social security benefits of a spouse other than as set forth in division (F)(9) of this section, in which one or both spouses have an interest."

**{¶17}** There is a presumption in Ohio that an asset acquired during the course of the marriage is marital property, unless proved otherwise. *Haven v Haven,* 5th Dist. Ashland No. 12-COA-013, 2012-Ohio-5347, ¶ 23. Correspondingly, the definition of

"separate property" includes "[a]ny real or personal property or interest in real or personal property that was acquired by one spouse *prior to* the date of the marriage[.]" R.C. 3105.171(A)(6)(a)(ii) (emphasis added). We have recognized that the party to a divorce action seeking to establish that an asset or portion of an asset is separate property, rather than marital property, has the burden of proof by a preponderance of evidence. *Cooper v. Cooper,* 5th Dist. Licking No. 14 CA 100, 2015–Ohio–4048, ¶ 45 (additional citation omitted).

**{¶18}** We also note R.C. 3105.171(C)(1) states in pertinent part as follows: "Except as provided in this division or division (E) of this section, the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. ***."

<u>Analysis</u>

**{¶19}** As set forth in our recitation of the facts, *supra*, appellant's focus in the present appeal is the residential property, acquired during the marriage, located on Old River Road in Philo, Ohio, which the trial court excluded from the marital estate, stating as follows:

> The real property located at [****] Old River Road, Philo, Ohio is titled in the names of both Jared Pletcher and Aundrea Pletcher. This property is encumbered by a mortgage to Community Bank and it is a joint obligation of the parties.

> From the evidence the Court finds the property at [****] Old River Road, Philo, Ohio is the primary residence of Rick and Karen [H.], the

parents of Aundrea Pletcher. The Court finds the [parents] first rented the property from the [R.E.L] Trust but thereafter the property was conveyed from the Trust to Aundrea and Jared Pletcher. At the time of the conveyance in December 2010 the property was encumbered by a mortgage. On the acquisition of the property by Aundrea and Jared Pletcher the previous mortgage was extinguished by way of a subsequent mortgage from the Pletcher's to Community Bank. The Court further finds at the time of the Community Bank mortgage Aundrea Pletcher and Jared Pletcher entered into and executed an assignment of rents on the property in favor of the Community Bank to secure the mortgage.

Jared Pletcher's testimony indicated he had little understanding of the circumstances surrounding the acquisition of this property. The testimony of Aundrea Pletcher established that her parents had been living there as lessees but [R.L.] wished to sell the property. Because her parents did not have good credit they could not obtain financing to obtain the property in their name and therefore Aundrea Pletcher and Jared Pletcher acquired the property allowing the [parents] to remain as tenants. Aundrea Pletcher testified that no marital funds were used as a down payment to acquire this real estate nor were marital funds ever used to satisfy the monthly mortgage obligation. Jared Pletcher produced no evidence to contradict this testimony.

The Court finds from the evidence including the testimony of Aundrea Pletcher and the assignment of rents to Community Bank that the intent was

to provide an alternate method for Richard and Karen [H.] to obtain this property and this property is therefore not part of the marital estate.

**{¶20}**  Decision and Judgment Entry, October 29, 2018, at 2-3.

**{¶21}** At trial, appellee testified on cross-examination that even though her parents "would never" suddenly decide to move out of the Old River Road house, if that event were to happen under the then-extant arrangement, she and appellant would be obligated as joint mortgagors. Tr. at 71. It appears presently undisputed that the appraised value of the property in question is $116,000.00. *See* Tr. at 33. As of the trial date, the Community Bank mortgage payoff balance was 64,971.93. Tr. at 34. No evidence was adduced that appellee intends to gift the property or to sell it at a break-even price to her parents in the future, nor is there any requirement of that nature set forth in the divorce decree. While no significant marital funds were apparently expended in acquiring the property, both appellee and appellant gave a form of consideration for the transfer of the deed, as "[e]xecution of a mortgage implies consideration." *Montgomery v. Mosley*, 4th Dist. Pike No. 448, 1990 WL 127047 (Harsha, J., concurring in part and dissenting in part). Furthermore, during the marriage, the parties, until 2016, claimed the interest paid on the mortgage as a federal income tax deduction.

**{¶22}**  Under the circumstances presented, we find no valid basis for the trial court to have deprived appellant of the benefit of R.C. 3105.171(C)(1), *supra*. In other words, by removing the Old River Road property in question from the category of marital property, even though both parties during the marriage gave consideration for the transfer of the real estate by jointly taking on a new mortgage obligation, appellee has effectively obtained a windfall, while appellant has been unreasonably denied an equal or equitable

portion of the equity in the property at the time of the divorce, a figure of approximately $51,000.00. In our minds, the fact that the mortgage payments have been coming from appellee's parents' rental monies makes no difference.[4] The situation would be identical, legally speaking, if a married couple were to jointly acquire a residential property to rent out purely as a side investment, using the tenants' rent payments (a form of marital income) to cover and pay down the property's mortgage, thereby increasing the value of a marital asset. *See Cherconis v. Cherconis*, 9th Dist. Medina No. 16CA0077-M, 2017-Ohio-7912, ¶ 24 (stating that any reduction in the amount of a mortgage during a marriage by payment of marital funds is marital property.)

## *Conclusion*

**{¶23}** Accordingly, we find the trial court abused its discretion in this instance in concluding appellee had met her burden to establish that the Old River Road property was her separate asset.

**{¶24}** Appellant's sole Assignment of Error is sustained, and this matter will be remanded with directions to the trial court to treat the Old River Road property as marital property and the Community Bank mortgage as marital debt, and to adjust the marital property distribution accordingly.

---

4   The parties are in dispute as to whether appellee writes the checks to the mortgagee (Community Bank) after receiving payments from appellee's parents, or whether the parents simply pay the mortgagee directly.  *See* Tr. at 32, 69.

**{¶25}** For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, Muskingum County, Ohio, is hereby reversed and remanded.


By: Wise, John, P. J.

Baldwin, J., and

Wise, Earle, J., concur.

JWW/d 0816