[Cite as *Gregory v. Falcon*, 2023-Ohio-1741.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| TAWNYA GREGORY | JUDGES:<br>Hon. William B. Hoffman, P.J. |
|     Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2022 CA 00051 |
| ALFREDO FALCON | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Civil Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 2021 DR 00694


DATE OF JUDGMENT ENTRY:      May 24, 2023


APPEARANCES:

For Plaintiff-Appellee

CARL E. McCOY
McCOY & McCOY
57 East Main Street
Newark, Ohio 43055

For Defendant-Appellant

JACQUELINE BAUMANN
HAYNES KESSLER MYERS &
POSTAKALIS
300 West Wilson Bridge Road, Suite 100
Worthington, Ohio 43085

*Wise, J.*

{¶1} Appellant Alfredo Falcon appeals from the July 14, 2022, Judgment Entry by the Licking County Court of Common Pleas. Appellee is Tawnya Lynn Gregory. The relevant facts leading to this appeal are as follows.

## STATEMENT OF THE FACTS AND CASE

{¶2} On March 13, 2019, Appellant and Appellee were married.

{¶3} In August of 2021 the parties began living separate and apart.

{¶4} On August 3, 2021, Appellee filed her Complaint for Divorce.

{¶5} On September 1, 2021, Appellant filed his Answer and Counterclaim for Divorce.

{¶6} On April 18, 2022, a trial was held.

{¶7} At trial, Appellee presented evidence and testimony that the Pathways Credit Union accounts statements show the accounts were established prior to the date of marriage, statements showing the amount of debt acquired throughout the marriage, an appraisal of the value of real estate located at 13768 Refugee Road SW, Pataskala, Ohio 43062, and the Kelley Blue Book estimated value of a 2005 Chevrolet truck.

{¶8} On June 29, 2022, the trial court entered a Decree of Divorce.

{¶9} Nunc Pro Tunc Judgment Entries were issued on July 1, 2022 and July 14, 2022.

## ASSIGNMENTS OF ERROR

{¶10} Appellant filed a timely notice of appeal. He herein raises the following Assignments of Error:

**{¶11}** "I. THE LOWER COURT IN ITS JULY 14, 2022 NUNC PRO TUNC JUDGMENT ENTRY ERRED IN ITS MARCH 2022 VALUATION OF THE REAL ESTATE AS THE VALUATION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

**{¶12}** "II. THE LOWER COURT IN ITS JULY 14, 2022 NUNC PRO TUNC JUDGMENT ENTRY ERRED IN ITS VALUATION OF THE 2005 CHEVROLET TRUCK AS THE VALUATION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

**{¶13}** "III. THE LOWER COURT IN ITS JULY 14, 2022 NUNC PRO TUNC JUDGMENT ENTRY ERRED IN ITS VALUATION AND DIVISION OF DEBT AS THE VALUATION AND DIVISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND IS AN ABUSE OF DISCRETION.

**{¶14}** "IV. THE LOWER COURT IN ITS JULY 14, 2022 NUNC PRO TUNC JUDGMENT ENTRY ERRED AND ABUSED ITS DISCRETION IN FINDING THAT THE PATHWAYS ACCOUNTS ARE APPELLEE'S SEPARATE PROPERTY."

## Standard of Review

**{¶15}** R.C. §3105.171(B) states in pertinent part that "[i]n divorce proceedings, the courts shall * * * determine what constitutes marital property and what constitutes separate property. In either case, upon making such a determination, the court shall divide the marital and separate property equitably between the spouses, in accordance with this section. For purposes of this section, the court has jurisdiction over all property, excluding the social security benefits of a spouse other than as set forth in division (F)(9) of this section, in which one or both spouses have an interest." There is a presumption in Ohio that an asset acquired during the course of the marriage is marital property, unless proved otherwise. *Haven v. Haven*, 5th Dist. Ashland No. 12-COA-013, 2012-Ohio-5347,

¶23. Correspondingly, the definition of "separate property" includes "[a]ny real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of the marriage[.]" R.C. §3105.171(A)(6)(a)(ii).

**{¶16}** The characterization of property as marital or separate must be supported by sufficient, credible evidence. *Kess v. Kess*, 5th Dist. Delaware No.15 CAF 10 0076, 2018-Ohio-1370, ¶51 citing *Chase-Carey*, 5th Dist. Coshocton No. 99CA1, 1999 WL 770172. The party to a divorce action seeking to establish that an asset or portion of an asset is separate property, rather than marital property, has the burden of proof by a preponderance of the evidence. *Passyalia v. Moneir*, 5th Dist. Stark No. 2016 CA 00182, 2017-Ohio-7033, ¶18 citing *Cooper v. Cooper*, 5th Dist. Licking No. 14 CA 100, 2015-Ohio-4048, ¶45, citing *Zeefe v. Zeefe*, 125 Ohio App.3d 600, 614, 709 N.E.2d 208 (1998).

**{¶17}** We also note R.C. §3105.171(C)(1) states in pertinent part as follows: "Except as provided in this division or division (E) of this section, the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. * * *." *Pletcher v. Pletcher*, 5th Dist. Muskingum No. CT2019-0002, 2019-Ohio-3625, ¶18.

**{¶18}** In order to make an equitable division of property, the trial court should first determine the value of marital assets. *Passyalia* at ¶10 citing *Eisler v. Eisler* (1985), 24 Ohio App.3d 151, 152, 493 N.E.2d 975. In performing this function, the trial court has broad discretion to develop some measure of value. *Berish v. Berish*, 69 Ohio St.2d 318, 432 N.E.2d183 (1982). Thus, "[t]he valuation of marital assets is typically a factual issue

that is left to the discretion of the trial court." *Roberts v. Roberts*, 10th Dist. Franklin No. 08AP-27, 2008-Ohio-6121, ¶18 citing *Berish, supra*.

{¶19} Trial court decisions regarding the classification of separate and marital property are not reversed unless there is a showing of an abuse of discretion. *Pletcher v. Pletcher*, 5th Dist. Muskingum No. CT2019-0002, 2019-Ohio-3625, ¶15 citing *Valentine v. Valentine*, 5th Dist. Ashland No 95COA01120, 1996 WL 72608 citing *Peck v. Peck*, 96 Ohio App.3d 731, 734, 645 N.E.2d 1300 (12th Dist.1994). In order to find an abuse, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶20} While characterization of property as separate or marital must be supported by sufficient, credible evidence, the appellate court is not the trier of fact. Our role is to determine whether there is relevant, competent, and credible evidence upon which the factfinder could base his or her judgment. *Tennant v. Martin-Auer*, 188 Ohio App.3d 768, 936 N.E.2d 1013, 2010-Ohio-3489, ¶16, citing *Cross Truck v. Jeffries*, 5th Dist. Stark No. CA-5758, 1982 WL 2911.

{¶21} This Court has consistently held that it cannot substitute its judgment for that of the trial court, and the Supreme Court has directed us not to conduct piece meal appeals of property divisions, but rather to look to the total distribution to determine whether it is equitable. *Haynes v. Haynes*, 5th Dist. Coshocton No. 2010-CA-01, 2010-Ohio-5801, ¶38 citing *Briganti v. Briganti*, 9 Ohio St.3d 220, 459 N.E.2d 896 (1984); *Hostetler v. Hostetler*, 5th Dist. Stark Nos. 2018CA00052, 2018CA00054, 2019-Ohio-609, ¶19.

**I., II.**

**{¶22}** In Appellant's first and second Assignments of Error, Appellant argues the trial court erred in the valuation of real estate located at 13768 Refugee Road SW, Pataskala, Ohio 43062 and a 2005 Chevrolet Truck. We disagree.

**{¶23}** In the case before us, Appellant is asking us to perform the very type of piecemeal review the Supreme Court directed us not to do. Here the trial court based its valuation of the real estate upon testimony by an appraiser, and that the Chevrolet Truck's valuation was based upon the Kelley Blue Book value.

**{¶24}** In its judgment entry, the trial court found the appraiser's report and testimony valuing the property at $210,000 to be more credible than Appellant's opinion that the property was worth $240,000.

**{¶25}** The trial court also found the blue book value of the 2005 Chevrolet Truck to be $4,283, an accurate assessment of the current market value of the vehicle.

**{¶26}** Accordingly, Appellant has failed to show the trial court's valuation of the real estate located at 13768 Refugee Road SW, Pataskala, Ohio 43062 and the 2005 Chevrolet Truck was so unreasonable, arbitrary, or unconscionable as to constitute an abuse of discretion.

**{¶27}** Accordingly, Appellant's first and second Assignments of Error are overruled.

**III.**

**{¶28}** In Appellant's third Assignment of Error, Appellant argues the trial court erred in the valuation and division of debt. We disagree.

**{¶29}** In the case *sub judice*, Appellee submitted evidence of $3,122 of debt on the "Capitol One" credit card statement, $4,502.48 on the "Chase" credit card, $3,752.86 on the "Citi" credit card, and an increase of $13,545.03 on a home equity line of credit. Appellant argues the evidence submitted in the way of testimony and bank statements were not enough.

**{¶30}** In contrast, Appellant's brief does not point to anywhere in the record where he submitted evidence to the contrary regarding any of these debts. "[I]f a party fails to present sufficient evidence of valuation, that party has presumptively waived the right to appeal the distribution of those assets [or debts] because the trial court can only make decisions based on evidence presented[.]" *Machesky v. Machesky*, 4th Dist. Ross No. 10CA3172, 2011-Ohio-862, ¶12, citing *Roberts v. Roberts*, Franklin App. No. 08AP-27, 2008-Ohio-6121, ¶22; *Galloway v. Galloway*, 6th Dist. Erie No. E-21-043, 2023-Ohio-29, ¶73.

**{¶31}** Accordingly, Appellant's third Assignment of Error is sustained.

**IV.**

**{¶32}** In Appellant's fourth Assignment of Error, Appellant argues the trial court erred in finding the Pathways accounts are Appellee's separate property. We disagree.

**{¶33}** In the case before us, Appellee presented evidence that the accounts at Pathways Credit Union were separate marital property.

**{¶34}** "Marital property" includes "[a]ll real and personal property that currently is owned by either or both of the spouses * * * and that was acquired by either or both of the spouses during the marriage," and "[a]ll interest that either or both of the spouses currently has in any real or personal property * * * and that was acquired by either or both

of the spouses during the marriage." R.C. §3105.171(A)(3)(a)(i) and (ii). Marital property also includes "income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage." R.C. §3105.171(A)(3)(a)(iii). This is known as active appreciation. *Ostmann v. Ostmann*, 168 Ohio App.3d 59, 858 N.E.2d 831, 2006-Ohio-3617, ¶26. Thus, "when *either* spouse makes a labor, money, or in-kind contribution that causes an increase in the value of separate property, that increase in value is deemed marital property" *Middendorf v. Middendorf* (1998) 82 Ohio St.3d 397, 400, 696 N.E.2d 575. (Emphasis sic.)

{¶35} "Separate property" includes "[a]ny real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of the marriage" and "[p]assive income and appreciation acquired from separate property by one spouse during the marriage." R.C. §3105.1719(A)(6)(a)(ii) and (iii). Appreciation of separate property "due solely to market forces, such as location and inflation" is passive appreciation and remains separate property. *Sterbenz v. Sterbenz*, 9th Dist. Summit No. 21865, 2004-Ohio-4577, ¶5.

{¶36} A party who wants an asset classified as separate property bears the burden of tracing that asset to his or her separate property. *Dunham v. Dunham*, 171 Ohio App.3d 147, 870 N.E.2d 168, 2007-Ohio-1167, ¶20. When parties contest whether an asset is marital or separate property, the presumption is that the property is marital, unless proven otherwise. *C.S. v. M.S.*, 9th Dist. Summit No. 29070, 2019-Ohio-1876, ¶16.

{¶37} Here, Appellee presented statements from the credit union showing she acquired the accounts prior to the date of marriage. Based upon this evidence, the trial

court found the Pathways Credit Union accounts were separate, pre-marital property belonging to Appellee, and that Appellant had no interest in same.

{¶38} Because competent, credible evidence supports the trial court's designation of the Pathways Credit Union accounts as separate property, we find Appellant's fourth Assignment of Error not well-taken and overrule same.

{¶39} For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, Licking County, Ohio, is hereby, affirmed.

By: Wise, J.

Hoffman, P. J., and

Baldwin, J., concur.

JWW/br 0510