[Cite as *Kontur v. Kontur*, 2024-Ohio-5201.]

COURT OF APPEALS
GUERNESY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| BRENDA SUE KONTUR, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| DONALD J. KONTUR, | : | Case No. 24CA000008 |
| | : | |
| Defendant - Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Guernsey County Court of Common Pleas, Domestic Relations Division, Case No. 23 DR 108

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      October 29, 2024

APPEARANCES:

For Plaintiff-Appellant

COURTNEY A. ZOLLARS
The Nigh Law Group, LLC
300 S. Second Street
Columbus, Ohio 43215

For Defendant-Appellee

EMILY STRANG TARBERT
Tarbert Law
50 North Fourth Street
Zanesville, Ohio 43701

*Baldwin, J.*

{¶1}    The appellant, Brenda Sue Kontur, appeals the March 5, 2024, judgment entry of the Delaware County Court of Common Pleas, Domestic Relations Division.

## STATEMENT OF THE FACTS AND THE CASE

{¶2}    In 1979, the appellee's father purchased parcel 141 and built his house on it.

{¶3}    In 2002, the appellee obtained title to parcel 141 from his father.

{¶4}    In 2006, the appellee purchased parcels 036 and 037.

{¶5}    In 2008, the appellant married the appellee.

{¶6}    On July 14, 2022, the appellant filed her initial Complaint for Divorce under Case No. 22 DR 244. The appellants entered into a divorce agreement through an Agreed Judgment Entry – Decree of Divorce prepared by the appellant's counsel. The matter was set for an uncontested hearing on October 13, 2022.

{¶7}    On September 29, 2022, Appellee's counsel filed a Notice of Appearance. The appellant learned that the appellee no longer agreed with the prepared Decree of Divorce Judgment Entry.

{¶8}    On November 17, 2022, the parties discussed the circumstances and decided to continue litigation.

{¶9}    On March 8, 2023, the Complaint for Divorce was dismissed.

{¶10}    On March 27, 2023, the appellant refiled her Complaint for Divorce ("Complaint").

{¶11}    On April 10, 2023, the appellee filed his Answer, Counterclaim, and Motion for Exclusive Use of the Marital Residence.

{¶12} On May 11, 2023, both parties agreed to the appellee's Motion for Exclusive Use of the Marital Residence.

{¶13} On September 18, 2023, the matter proceeded to trial. Prior to trial, the parties stipulated that the Marital Residence was jointly owned and that it should be valued at $604,000.

{¶14} On October 19, 2023, prior to trial, the parties settled all matters except the classification and valuation of three parcels: parcel 141, parcel 036, and parcel 037. The appellant requested to call the Appraisal Services to the stand to testify about the appraisal obtained. The Magistrate denied the appellant's request to call the witness.

{¶15} The Magistrate found that the disputed parcels were separate property of the appellee, that the appellant was entitled to $30,000 of the paydown on the mortgage and the contribution from inheritance in the amount of $11,611.50, and $24,000 from the remodel of the Marital Residence.

{¶16} The appellant filed objections to the Magistrate's findings.

{¶17} On March 5, 2024, the trial court found there was a sufficient factual basis for the findings of the Magistrate.

{¶18} The appellant filed a timely notice of appeal and herein raises the following Assignments of Error:

{¶19} "I. THE COURT ERRED IN FINDING THAT APPELLEE PROVIDED SUFFICIENT EVIDENCE TO SHOW A SEPARATE PROPERTY INTEREST."

{¶20} "II. THE COURT ERRED WHEN THEY ARBITRARILY ASSIGNED A VALUE OF $60,000 TO THE PRINCIPAL PAYDOWN OF THE 2011 CHASE MORTGAGE PAYDOWN."

**{¶21}** "III. THE COURT ERRED WHEN THEY DID NOT PROPERLY CONSIDER THE CO-MINGING AND MARITAL EFFORT ASSOCIATED WITH THE PARCELS AND WHEN THE COURT FOUND THE INCREASE IN VALUE OF PARCELS 141, 036, AND 037 WERE APPELLEE'S SEPARATE PROPERTY."

**{¶22}** "IV. THE COURT ERRED BY FINDING THAT TRANSMUTATION DID NOT OCCUR FOR PARCEL 141, 036, AND 037."

**{¶23}** "V. THE COURT ERRED IN NOT ALLOWING APPELLANT TO CALL THE APPRAISER ON THE SECOND DAY OF TRIAL."

### I., III.

**{¶24}** In the appellant's first and third Assignments of Error, the appellant argues that the trial court abused its discretion in finding that the appellee provided sufficient evidence to show a separate property interest in parcels 036, 037, and 141 and that the trial court failed too properly consider the commingling of assets. We disagree.

### Standard of Review

**{¶25}** "The characterization of property as separate or marital is a mixed question of law and fact." *Howcroft v. Howcroft*, 2010-Ohio-6410 (5th Dist.), ¶57. "A party who wants an asset classified as separate property bears the burden of tracing that asset to his or her separate property." *Gregory v. Falcon*, 2023-Ohio-1741 (5th Dist.), ¶36. This Court will not disturb the trial court's ruling as being against the manifest weight of the evidence if some competent, credible evidence supports the trial court's judgment. *Howcroft* at ¶57, citing *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279 (1978).

**{¶26}** Manifest weight of the evidence addresses the evidence's effect in inducing belief. *State v. Thompkins*, 78 Ohio St.3d 380 (1997). The Supreme Court of Ohio stated:

Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question mathematics but depends on its effect in inducing belief. Black's, *supra*, at 1594.

*Id.* at 387. The Court stated further:

When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the manifest weight of the evidence, the appellate court sits as a " 'thirteenth juror' " and disagrees with the factfinder's resolution of the conflicting testimony. *Tibbs* [*v. Florida*], 457 U.S. [31] 42, 102 S.Ct. [2211], 2218, 72 L.Ed.2d [652] 661[(1982)]. See, also, *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721 ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. * * *)"

*Id.*

Further, the Court in *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77 (1984), stated:

"[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts.

* *

"If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment."

*Id.* at 80, fn. 3.

## ANALYSIS

**{¶27}** R.C. §3105.171(A), in pertinent part, states:

(3)(a) "Marital property" means, subject to division (A)(3)(b) of this section, all of the following:

(i)     All real and personal property that currently is owned by either or both of the spouses, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage;

(ii)    All interest that either or both of the spouses currently has in any real or personal property, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouse during the marriage;

(iii)     Except as otherwise provided in this section, all income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both spouses that occurred during the marriage;

* *

(b) "Marital property" does not include any separate property.

* *

(6)(a) "Separate property" means all real and personal property and any interest in real or personal property that is found by the court to be any of the following:

(i)     An inheritance by one spouse by bequest, devise, or descent during the course of the marriage;

(ii)     Any real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of the marriage;

(iii)     Passive income and appreciation acquired from separate property by one spouse during the marriage;

* *

(6)(a) "Separate property" means all real and personal property and any interest in real or personal property that is found by the court to be any of the following:

(i)     An inheritance by one spouse by bequest, devise, or descent during the course of the marriage;

(ii)     Any real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of the marriage;

(iv)     Passive income and appreciation acquired from separate property

by one spouse during the marriage;

* *

(b) The commingling of separate property with other property of any

type does not destroy the identity of the separate property as separate

property, except when the separate property is not traceable.

**{¶28}** In the case *sub judice*, the appellee owned all the parcels prior to marriage. In 2006, the appellee refinanced the mortgage on parcel 141 to borrow money to purchase parcels 036 and 037.

**{¶29}** In 2009, the 2006 mortgage was refinanced. Both parties were on the mortgage, but only the appellee was on the note.

**{¶30}** In 2010, another refinancing of the mortgage occurred.

**{¶31}** Between 2010 and 2018, $60,000 was paid from marital funds to pay down the 2010 mortgage.

**{¶32}** In 2018, the appellee's property was sold and used to pay off the remainder of the 2010 mortgage. In addition to the proceeds from the sale of the appellee's property the appellee also contributed $10,656.50. The appellant contributed an additional $11,611.56 to pay down the remainder of the mortgage.

**{¶33}** The Magistrate found the appellee was able to trace his interest in parcel 141, finding it maintained its character as separate property. The appellant was entitled to half of the mortgage pay down, $30,000, plus the additional amount of $11,611.56 she contributed. In addition, the appellant failed to point to anything in the record, showing that the trial court abused its discretion by finding that parcels 036 and 037 were separate

property. They make a conclusory statement that the trial court shifted the burden to the appellant but did not cite the record where the trial court placed this burden on the appellant.

**{¶34}** Again, marital property includes "income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage." R.C. §3105.171(A)(3)(a)(iii). The appellant also argues that her labors and improvements paid for from their joint bank account were not appropriately accounted for by the trial court when determining either the commingling of the assets or the value of her contribution. However, the appellant fails to show in the record where evidence was presented of any income or appreciation in the value of the property due to such contribution. Accordingly, we find that the trial court did not lose its way in finding parcels 036, 037, and 141, nor did the trial court create such a manifest miscarriage of justice that the decision must be reversed.

**{¶35}** The appellant's first and third assignment of error is overruled.

## II.

**{¶36}** In the appellant's second assignment of error, the appellant summarily argues that the trial court erred in limiting the marital interest of Parcel 141 to a value of the principal paydown of the mortgage. We disagree.

## ANALYSIS

**{¶37}** The appellant cites no statutory, case law, rules of evidence, or learned treatise from this or any other jurisdiction to support her argument. Accordingly, the appellant's brief does not comply with App.R. 16(A)(7), which provides,

The appellant shall include in its brief, under the headings and in the order indicated, all of the following * * * An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the resons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

**{¶38}** "If an argument exists that can support [an] assignment of error, it is not this court's duty to root it out." *Thomas v. Harmon*, 2009-Ohio-3299 (4th Dist.), ¶14, quoting *State v. Carman*, 2008-Ohio-4368 (8th Dist.), ¶31. "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." *Catanzarite v. Boswell*, 2009-Ohio-1211 (9th Dist.), ¶16, quoting *Kremer v. Cox*, 114 Ohio App.3d 41 (9th Dist.1996). Therefore, "[w]e may disregard any assignment of error that fails to present any citations to case law or statutes in support of its assertions." *Frye v. Holzer Clinic, Inc.*, 2008-Ohio-2194 (4th Dist.), ¶12. *See, also,* App.R. 16(A)(7); App.R. 12(A)(2); *Albright v. Albright*, 2007-Ohio-3709 (4th Dist.), ¶16; *Tally v. Patrick*, 2009-Ohio-1831 (11th Dist.), ¶¶21-22; *Jarvis v. Stone*, 2008-Ohio-3313 (9th Dist.), ¶23; *State v. Norman*, 2011-Ohio-596 (5th Dist.), ¶29.

**{¶39}** An appellate court may rely on App.R. 12(A) to overrule an assignment of error because of "the lack of briefing." *State v. Miller*, 2004-Ohio-4636 (5th Dist.), ¶41. "Errors not treated in the brief will be regarded as having been abandoned by the party

who gave them birth." *Uncapher v. Baltimore & Ohio Rd. Co.*, 127 Ohio St. 351, 356 (1933).

**{¶40}** The appellant has not supported her general argument with citation to legal authority in support of an argument. Accordingly, this assignment of error is overruled. *State v. Gulley,* 2008-Ohio-887 (5th Dist.), ¶12.

**{¶41}** The appellant's second assignment of error is overruled.

## IV.

**{¶42}** In the appellant's fourth assignment of error, the appellant argues the trial court abused its discretion by finding that the transmutation of parcels 036, 037, and 141 did not occur. We disagree.

### STANDARD OF REVIEW

**{¶43}** As an appellate court, our role is to determine whether there is relevant, competent, and credible evidence upon which the fact finder could base his or her judgment. *Picciano v. Picciano*, 2021-Ohio-4603 (5th Dist.), ¶44.

### ANALYSIS

**{¶44}** In *Picciano* at ¶43, this Court said:

> The factors to consider in determining whether transmutation has occurred include: (1) the expressed intent of the parties, insofar as it can be reliably ascertained; (2) the source of the funds, if any, used to acquire the property; (3) the circumstances surrounding the acquisition of the property; (4) the dates of the marriage, the acquisition of the property, the claimed transmutation, and the breakup of the marriage; (5) the inducement for and/or purpose of the transaction

which gives rise to the claimed transmutation; and (6) the value of the property and its significance to the parties.

*Id.*, citing *Kuehn v. Kuehn*, 55 Ohio App.3d 245 (12th Dist.1988).

**{¶45}** "Once it is proven that specific property was the separate property of one of the spouses at * * * the time of the marriage, the burden shifts to the other spouse to prove, by clear and convincing evidence, that the property, or some interest therein, has been given to the other spouse." *Snyder v. Snyder*, 2002-Ohio-2781 (2nd Dist.). "[A] husband can convert separate property into marital property by making an inter vivos gift to his wife. *Id.* The fact that both parties' names appear on the deed is not determinative of whether the property is marital or separate property. *Gibson v. Gibson*, 2007-Ohio-2087 (5th Dist.), ¶78.

**{¶46}** We find competent, credible evidence in the record to support the trial court's determination. First, the appellee acquired the parcels prior to the marriage, with parcel 141 being purchased in 1979 by the appellee's father. Furthermore, both parties testified that the properties were transferred from the appellee to joint and survivorship deeds for the sole purpose of estate planning. The appellee did not transfer the properties with donative intent.

**{¶47}** Given the evidence in the record, we cannot say the trial court erred in finding that the transmutation of parcels 036, 037, and 141 did not occur.

**{¶48}** Accordingly, the appellant's fourth assignment of error is overruled.

**V.**

{¶49} In the appellant's fifth assignment of error, the appellant argues the trial court abused its discretion by not allowing the appellant to call the appraiser to testify regarding the value of the parcels. We disagree.

**STANDARD OF REVIEW**

{¶50} The admission or exclusion of evidence must be analyzed under an abuse of discretion standard of review "so long as such discretion is exercised in line with the rules of procedure and evidence." *Rigby v. Lake County*, 58 Ohio St.3d 269, 271 (1991). "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Adams* (1980), 62 Ohio St.2d 151, 157.

**ANALYSIS**

{¶51} It appears the appellant is arguing that the trial court abused its discretion by not allowing testimony on facts already stipulated by the parties.

{¶52} It is well-settled that when parties enter into a stipulation of facts, those facts are binding on both the trier of fact and the parties themselves. *State v. Qirat*, 2015-Ohio-863 (5th Dist.), ¶50.

{¶53} We find the trial court did not abuse its discretion. In the case *sub judice*, the appellant and appellee stipulated that the total value of the parcels was $604,000. The appellant alleges in her brief that the appraiser would testify to the value of the parcels. Since the parties already stipulated to the value of the parcels, the trial court did not act unreasonably, arbitrarily, or unconscionably by not allowing the appraiser to testify.

**{¶54}** Accordingly, the appellant's fifth assignment of error is overruled.

## CONCLUSION

**{¶55}** For the forgoing reasons, the judgment of the Court of Common Pleas, Guernsey County, Ohio, is hereby affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Wise, John, J. concur.