[Cite as *Nestleroad v. Nestleroad*, 2026-Ohio-1712.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
MUSKINGUM COUNTY, OHIO

| | |
|---|---|
| ANGELA K. NESTLEROAD | Case No. CT 2025-0047 |
| Plaintiff - Appellee | Opinion And Judgment Entry |
| -vs- | Appeal from the Muskingum County Court of Common Pleas, Domestic Relations Division, Case No. DA2023-0259 |
| STEVEN E. NESTLEROAD | |
| Defendant - Appellant | Judgment: Affirmed |
| | Date of Judgment Entry: May 11, 2026 |

BEFORE: Andrew J. King, Kevin W. Popham, and David M. Gormley, Judges

APPEARANCES: Miles D. Fries, for Plaintiff-Appellee; Taylor P. Bennington for Defendant-Appellant

OPINION

*Popham, J.,*

{¶1} Steven E. Nestleroad ("Husband") appeals a judgment of the Domestic Relations Division of the Muskingum County Court of Common Pleas granting a divorce between him and Angela K. Nestleroad ("Wife") and equitably dividing their property. For the reasons that follow, we affirm the trial court's decision.

*Facts & Procedural History*

{¶2} Husband and Wife were married on June 19, 2008. Due to an extramarital affair, Husband voluntarily left the marital home on April 1, 2022. Wife filed a complaint

for divorce on April 18, 2023, and Husband filed a counterclaim on May 24, 2023. The trial in this matter was held on December 12, 2023.

{¶3} The parties stipulated that the marital residence had a fair market value of $205,000, and that Husband - using premarital funds - made a downpayment of $17,000 to purchase the marital home prior to the marriage. The parties also agreed on the marital value and characterization of most of the parties' financial accounts. However, several contested issues remained, including how Husband's $17,000 separate contribution toward the marital home should be treated. Along with other specific contested issues, the trial court was responsible for the division of the property between the parties.

{¶4} On December 30, 2024, the trial court issued a judgment entry, which directed the parties to submit a proposed shared parenting plan and divorce decree consistent with its decision. Husband initially appealed the December 2024 judgment entry but voluntarily dismissed the appeal due to the lack of a final appealable order. On April 4, 2025, after receiving the filings from the parties as directed in the December 2024 judgment entry, the trial court issued a final judgment entry granting the divorce and resolving the disputed issues concerning the division of the marital estate.

{¶5} Regarding the division of property, the trial court held: "the court finds the division of property and liabilities, as set forth in the attached marital balance sheet, marked as Appendix A and incorporated by reference as if fully rewritten herein, to be equitable, though not equal." The court expressly considered the factors set forth in R.C. 3105.171(F) in its property division.

{¶6} Husband appeals the April 4, 2025, Judgment Entry ("J.E.") of the Muskingum County Court of Common Pleas, Domestic Relations Division, and assigns the following as error:

{¶7} "I. THE TRIAL COURT ERRED IN CALCULATING THE MARITAL HOME'S EQUITY BY DEDUCTING HUSBAND'S $17,000 SEPARATE PROPERTY INTEREST FROM THE FAIR MARKET VALUE OF THE HOME, CONTRARY TO R.C. 3105.171."

{¶8} "II. "THE TRIAL COURT ERRED IN CALCULATING THE DISTRIBUTIVE AWARD ON THE MARITAL BALANCE SHEET BY INCORRECTLY CREDITING APPELLANT AND DEBITING APPELLEE, THEREBY DISTORTING THE PROPERTY DIVISION."

{¶9} "III. "THE CUMULATIVE ERRORS ON THE MARITAL BALANCE SHEET MATERIALLY AFFECTED THE TOTAL AWARD AND CONSTITUTE AN ABUSE OF DISCRETION."

*Property Division*

{¶10} In Husband's first and second assignments of error, Husband challenges the trial court's property division. In divorce proceedings, the division of marital and separate property is governed by R.C. 3105.171. Following a determination of whether property is marital or separate, the court "shall divide the marital and separate property equitably between the spouses." R.C. 3105.171(B). The starting point for a trial court's analysis is an equal division of marital assets. *White v. White*, 2016-Ohio-2997, ¶ 28 (5th Dist.), citing *Neville v. Neville*, 2003-Ohio-3624, ¶ 5. However, where equal division would be inequitable, a trial court must divide the marital property in the manner the court determines to be equitable. *Id.* Determining what is equitable requires a consideration of the factors listed in R.C. 3105.171(F). *Neville* at ¶ 5. Since a trial court has broad discretion in the allocation of marital assets, its judgment will not be disturbed absent an abuse of discretion. *White* at ¶ 29.

{¶11} The factors a trial court should consider when making a division of marital property include the duration of the marriage, the assets and liabilities of the spouses, the desirability of awarding the family home to the spouse with custody of the child, the liquidity of the property to be distributed, the economic desirability of retaining an asset intact, the tax consequences of the property division, any retirement benefits of the spouses, and any other factor the court expressly finds to be relevant and equitable. R.C. 3105.171(F).

{¶12} We review a domestic relations court's property division in a divorce proceeding for an abuse of discretion. *White* at ¶ 28-29.

I.

{¶13} In his first assignment of error, Husband argues the trial court miscalculated the marital home's equity by improperly applying R.C. 3105.171(A)(6). Husband contends that, by deducting his separate property from the home's value *before* determining the marital equity, the trial court artificially reduced the value of the marital estate. Husband argues that the fair market value of the home ($205,000) should have been divided in half ($102,500) before subtracting his separate interest from wife's share. We disagree.

{¶14} The marital balance sheet - completed by the trial court - contains the following information for the marital residence: the total present fair market value of $205,000, Husband's separate interest of $17,000, Wife's separate interest of $0, the fair market value of the marital interest at $188,000, the marital value awarded to Husband of $0, and the marital value awarded to Wife of $188,000.

{¶15} Wife contends the trial court completed the mathematical calculation correctly - when the trial court started with the agreed-upon fair market value of the home

($205,000) and deducted the separate-property interest of Husband of $17,000 to arrive at a total marital interest of $188,000 (each party presumably having $94,000 in marital interest). The entirety of the $188,000 was allocated to Wife on the marital balance sheet because Wife intended to retain the marital home after the divorce. The mathematical approach utilized by the trial court is consistent with the method approved by the Eleventh District Court of Appeals in *Kondik v. Kondik*, 2009-Ohio-2300 (11th Dist.). We agree with our brethren from the Eleventh District that the trial court's mathematical calculation was correct. Moreover, we do not find that using Husband's alternative calculations would have changed the overall balance sheet because the entire marital interest - present value minus separate property interest - was awarded to Wife, who retained the home.

{¶16} "This Court has consistently held that it cannot substitute its judgment for that of the trial court, and the Supreme Court has directed us not to conduct piecemeal appeals of property divisions * * *." *Gregory v. Falcon*, 2023-Ohio-1741, ¶ 21 (5th Dist.). Rather, we should look to the total distribution to determine whether it is equitable. *Id.* The trial judge specifically found the property division, set forth on the marital balance sheet (Appendix A), was equitable based upon her review of each of the applicable factors contained in R.C. 3105.171(F). As detailed below, we find no abuse of discretion in the trial court's consideration of the R.C. 3105.171(F) factors.

{¶17} We find no abuse of discretion in the trial court's property division regarding the marital home. The calculation used by trial the court is the method used by the *Kondik* Court and is in line with the stipulations of the parties. The marital balance sheet completed by the trial court correctly reflects an equitable division of marital assets. Husband's first assignment of error is overruled.

## II.

{¶18} In his second assignment of error, Husband contends the trial court erred in calculating the distributive award on the marital balance sheet by incorrectly crediting Husband and debiting Wife (on Line 27), thereby distorting the property division.

{¶19} The trial court found that Husband failed to pay support, in the amount of $22,503.96, consistent with the temporary order of support, and engaged in financial misconduct by withdrawing $10,532.46 from the parties' joint account. (J.E. pp. 6, 16-17) Based on these findings, the trial court made what it characterized as a distributive award pursuant to R.C. 3105.171(E)(3) – finding that the statute permits a court to "make a distributive award of separate property or a greater award of marital property if the court determines that a spouse has engaged in financial misconduct." (J.E. p. 5 citing R.C. 3105.171(E)(3)).

{¶20} On the marital balance sheet, Line 27, the trial judge credited Husband $46,681.07, debited Wife the same amount, and labeled this as a "distributive award." To be sure, Line 27 is not a true "distributive award" pursuant to R.C. 3105.171 because a distributive award must be made from separate property or income, and the $46,681.07 was not made from Wife's separate property or income. R.C. 3105.171(A)(1); *Mann v. Muktarian*, 2025-Ohio-4404, ¶ 19 (12th Dist.); *Stewart v. Stewart*, 2025-Ohio-1635, ¶ 52 (1st Dist.). The trial court found that the amount listed on Line 27 was "a distributive award offsetting Angela's obligation to pay Steven an equalization payment ***." (J.E. p. 17) Perhaps to avoid confusion, the trial court would have been better served not to use the term "distributive award" on Line 27 of the balance sheet. But we find no abuse of discretion in doing so.

{¶21} However, regardless of its characterization on the marital balance sheet, we must determine whether the trial court abused its discretion in making the award. Without considering Line 27, the marital value awarded to Husband was $490,644.66, while the marital value awarded to Wife was $584,006.80, a difference of $93,362.14. The trial court found that, to achieve an equal division of property (each party receiving $537,325.73), Wife would have to pay Husband an equalization payment of $46,681.07. However, the trial court found that, due to the factors contained in R.C. 3105.171(F), Wife was not required to pay Husband an equalization payment and, instead, Husband should be credited with $46,681.07 and Wife should be debited $46,681.07 on Line 27 of the marital balance sheet in order to equalize the division of marital property at $537,325.73.

{¶22} In making this determination, the trial court specifically addressed each applicable factor contained in R.C. 3105.171(F). The trial judge cited numerous R.C. 3105.171(F) factors in support of her division of the marital assets, including: the parties' financial agreement during the marriage to maximize contributions to Husband's retirement accounts and jointly minimize debt so Husband could retire at age 55, while Wife worked part-time to provide primary care for the parties' son; Husband's failure to provide support after leaving the marital home; Wife's credible testimony that she had to deplete her savings to support herself and the parties' son after Husband left the marital home; Husband's withdrawal of funds from the parties' checking account directly prior to leaving the marital home; the disparity in retirement assets between the parties; Wife's inability to invest due to her attempt to build her business; and, even with the division of the marital retirement accounts, Husband is left in a much more financially secure position for the future.

{¶23} "The trial court is the fact finder and is free to believe all, some, or none of the testimony regarding any particular assets. The trier of fact 'has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page.'" *Hawbecker v. Hawbecker*, 2016-Ohio-5740, ¶ 31 (5th Dist.), quoting *Davis v. Flickinger*, 77 Ohio St.3d 415, 418 (1997). This Court does not serve as the trier of fact. Rather our role "is to determine whether there is relevant, competent, and credible evidence upon which the factfinder could base his or her judgment." *Pletcher v. Pletcher*, 2019-Ohio-3625, ¶ 15 (5th Dist.). We find there is competent and credible evidence (in the form of testimony by Wife) to support the trial court's determination pursuant to R.C. 3105.171(F).

{¶24} In his appellate brief, Husband states that he does not dispute the trial court's factual findings. However, he argues that Line 27 on the marital balance sheet does not align with the language contained in the judgment entry. We disagree. Line 27 is consistent with the trial judge's stated intent to equalize the property division at $537,325.73 without requiring Wife to pay an equalization payment.

{¶25} We again decline to "engage in piecemeal review of individual aspects of a property division taken out of context of the entire award." *Beringer v. Beringer*, 2014-Ohio-5232, ¶ 49 (5th Dist.). We find no abuse of discretion in the trial court's overall property division.

{¶26} Husband's second assignment of error is overruled.

III.

{¶27} In his final assignment of error, Husband contends the cumulative errors on the balance sheet materially affected the total award and constitute an abuse of discretion.

{¶28} The cumulative-error doctrine provides "a trial court's judgment may be reversed if the cumulative effect of multiple errors prevents a fair trial even though each of the individual errors, standing alone, would not constitute grounds for reversal." *Marrs v. Mickel*, 2023-Ohio-4528, ¶ 23 (8th Dist.), citing *State v. Garner*, 74 Ohio St.3d 49, 64 (1995). However, "the cumulative-error doctrine does not apply in cases where there are not multiple errors." *Id.* at ¶ 24, citing *State v. Williams*, 2023-Ohio-2296., ¶ 103 (8th Dist.). "The doctrine of cumulative error is inapplicable when the alleged errors are found to be harmless or nonexistent." *Id.*, citing *State v. Jackson*, 2023-Ohio-2381, ¶ 84 (8th Dist.), quoting *State v. Allen*, 2016-Ohio-102, ¶ 53 (8th Dist.). Simply stated, "[w]hen an appellate court determines no error has occurred, the doctrine cannot apply." *State v. Lyons*, 2017-Ohio-4385, ¶ 46 (7th Dist.).

{¶29} The alleged cumulative errors are those raised in Husband's first and second assignments of error. Having found Husband's assignments of error to be without merit, we similarly conclude there was no cumulative effect which resulted in Husband being denied a fair trial. Husband's third assignment of error is overruled.

{¶30} Based on the foregoing, Husband's assignments of error are overruled.

{¶31} For the reasons stated in our Opinion, the judgment of the Muskingum County Court of Common Pleas, Domestic Relations Division, is affirmed.

Costs to Appellant Steven E. Nestleroad.

By: Popham, J.

King, P.J. and

Gormley, J., concur